CLAUDE BOONE v. THE STATE.

No. 5292.    Decided April 2, 1919.

Rehearing granted October 15, 1919.

1.—Robbery—Accomplice—Corroboration—Practice on Appeal.

Where the judgment .is reversed and the cause remanded for other reasons, the question of the sufficiency of the evidence corroborating the testimony of accomplice is not decided.

2.—Same—Evidence—Other Offenses—Credibility of Witness—Rule Stated.

The rule is that testimony may be introduced showing the conviction of the witness for felony, for the purpose of impeaching or discrediting his testimony, but the witness has the right to explain the circumstances attending such conviction. Following Cowart v. State, 71 Texas Crim. Rep., 116.

3.—Same—Case Stated—Plea of Guilty to Other Felony—Evidence—Explanation.

Where. upon trial of robbery, the State was permitted to show that the defendant had been charged with embezzlement in the Federal Court and had entered thereto a plea of guilty, for the purpose of impeaching his credibility as a witness, the defendant should have been permitted to show that his plea of guilty to the charge of embezzlement was made to shield his wife, and that his guilt was only technical and not moral, etc., in view of the fact that the testimony in the case upon which the conviction rested was that of an accomplice, and that the injured party had refused to identify the defendant.

Appeal from the District Court of Armstrong; Tried below before the Hon. W. A. Wilson, special judge.

Appeal from a conviction of Robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Carl Gilliland* and *Hoover, Hoover & Willis,* for appellant.—On question of plea of guilty in another offense: Cain v. State, 18 Texas, 387; Webb v. State, 80 Texas Crim. Rep., 1, 187 S. W. Rep., 485, Bluman v. State, 33 Texas Crim. Rep., 43; Lewāllin v. State, 33 id., 412; Thornley v. State, 34 S. W. Rep., 264; Ivey v. State, 41 Texas, 35; Lee v. State, 73 S. W. Rep., 407.

*E. A. Berry,* Assistant Attorney General, for the State.

MORROW, JUDGE.—The appeal is from a conviction for robbery

with punishment fixed at confinement in the penitentiary for ten years.

It appears from a bill of exceptions that the appellant took the stand and testified in his own behalf, though the purport of his testimony is not embraced in the bill nor is the record accompanied by a statement of facts. Compaint is made of the refusal of the trial court to permit him, on redirect-examination, to make an explanation of his reasons for having pleaded guilty of embezzlement in a case in the federal court. The State's attorney, on his cross-examination, proved by him that he had entered such plea of guilty. The explanation that he desired to make was to the effect that the embezzlement was of funds that came into his hands as postmaster; that part of it he had received in the way of personal checks from customers for money orders issued by him, which checks had not been deposited at the time his post-office was inspected; and that part of the money involved in the embezzlement was drawn out of the bank by his wife without his knowledge, and that he entered the plea of guilty rather than implicate her.

The fact that he had entered the plea of guilty was admissible as affecting his credibility and its admission in evidence is not complained of. Assuming that he had a right to make the explanation mentioned, see Branch's An. Texas P. C., sec. 94, the court is not in position to pass upon the materiality of the exclusion of this explanation for the reason that it is not informed as to what facts were before the trial court. The only relevancy of the explanation was the bearing that it might have had in modifying any unfavorable opinion of the credibility of the appellant as a witness growing out of the proof that he had pleaded guilty of embezzlement. If the explanation had been received, the fact that he had made the plea of guilty would have still been legitimately in evidence. Unless the appellant had, while testifying in his own behalf, given evidence which, if believed, would have presented a defense to the charge against him, or have tended to mitigate or extenuate it, his impeachment in the manner stated could have had no material bearing upon the case.

We are of the opinion that the exclusion of the evidence he offered, if error, was not of such flagrant character, as to have been obviously injurious to a degree that it would require a reversal of the judgment. Jaques v. State, 19 S. W. Rep., 767; Groomes v. State, 40 Texas Crim. Rep., 672; Dement v. State, 39 Texas Crim. Rep., 271; Lee v. State, 44 S. W. Rep., 635; Bradford v. State, 62 Texas Crim. Rep., 424, 138 S. W. Rep., 118.

There being no reversible error disclosed the judgment of the trial court is affirmed.

*Affirmed.*

ON REHEARING.

## October 15, 1919.

MORROW, JUDGE.—In connection with the motion for rehearing, the record has been perfected so as to bring before the court the facts developed upon trial. From this it appears that appellant was convicted of a robbery of one Ramey. Ramey, it appears, was riding in an automobile with a woman, and was assailed by two men, who, with the aid of the woman, perpetrated the robbery. Ramey was unable to identify appellant as one of his assailants. To secure a conviction, the State relied upon the testimony of the woman, Mrs. Beam, and her husband. These witnesses who, as we understand the record, had been promised immunity, testified that they took part in the robbery and identified appellant as having taken part in the offense. For corroboration of these accomplices, circumstances were relied upon. These circumstances are vigorously attacked by appellant as being insufficient to comply with the rule demanding corroboration of accomplice testimony as a predicate for conviction. Upon another trial this phase of the case may be presented in a different aspect, and we will not analyze the testimony to determine its sufficiency for the purpose of corroboration. The testimony of the accomplices is characterized by many contradictions, both in and out of court; and the appellant by his testimony specifically denied any connection with the robbery, and presented the theory of alibi, in which theory he was to some degree corroborated by other witnesses.

The proof that he had been charged with embezzlement and had entered thereto a plea of guilty, to which reference is made in the original opinion, was doubtless introduced by the prosecution for the purpose of impeaching or discrediting the testimony of appellant. This the prosecution, under well recognized rules, was at liberty to do. See Branch's Annotated Texas Penal Code, Sec. 167; Lights v. State, 21 Texas Crim. App., 308. The right of the appellant to explain the circumstances attending the charge of embezzlement and his plea of guilty thereto, in order to modify or destroy the adverse effect upon his credibility of the impeaching testimony, is also well settled. Wallace v. State, 200 S. W., 407; Johnson v. State, 69 Texas Crim. Rep., 107; Cowart v. State, 71 Texas Crim. Rep., 116; Tippett v. State, 37 Texas Crim. App., 191.

The explanation that appellant would have made had not the court's ruling prevented, would have gone to show that his plea of guilty to the charge of embezzlement was made to shield his wife from embarrassment due to the fact that she had withdrawn from the bank funds belonging to the post-office, which appellant while postmaster had deposited therein; and would further have shown that his guilt was technical rather than moral, in that he had transgressed a rule of the Post-Office Department by accepting checks instead of

currency from some of the patrons of the post-office, and that at the time the post-office was inspected he had the checks but was not given opportunity to convert them into money. The explanation that he sought to make might have been considered by the jury as of weight sufficient to remove the unfavorable impression created upon the minds of the jurors by the introduction by the State of the evidence of the charge against him, and his plea of guilty thereto.

The injured party having refused to identify him, and his conviction having been brought about by the testimony of accomplice witnesses, upon which there was cast suspicion, and corroborating circumstances which were inconclusive, and defense resting almost alone upon his testimony denying guilt, we think the error committed by the court in refusing to permit him to make the explanation which he sought to make is of such consequence as to require a reversal of the judgment. It is, therefore, ordered that the affirmance heretofore entered be set aside, and that the judgment of the lower court be now reversed and the cause remanded.

*Reversed and remanded.*