## Raymond Acton v. The State.

### No. 6655. Decided May 17, 1922.

**Misdemeanor Theft—Other Offenses—Limiting Testimony.**

Where, upon trial of misdemeanor theft, the State was permitted to show that defendant had been guilty of another theft to which he had pleaded guilty, and was not permitted to go into the matter and explain that he did not enter the plea because he was guilty, but because his father advised him to do so, etc., and there was no connection with the present case, and the court did not limit his said testimony to the credibility of the witness, same was reversible errorr. Following Johnson v. State, 59 Texas Crim. Rep., 407, and other cases.

Appeal from the County Court of Harris. Tried below before the Honorable P. W. Seward.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $500 and two years imprisonment in the county jail.

The opinion states the case.

*Mays & Mays,* and *W. B. Ammerman,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for theft, a misdemeanor; punishment fixed at a fine of $500 and confinement in the county jail. for a period of two years.

The property stolen was an automobile casing worth about twenty dollars, which was taken off a Ford automobile.

There was a question of identity. Appellant testified denying the theft. On cross-examination, he admitted that he had previously been charged with theft and had entered a plea of guilty; that he had been punished by a fine of one dollar and one day in jail. On re-direct examination, appellant said that he would not have entered the plea of guilty if it had not been for his father. At the time the plea was entered, appellant was in the county jail.

Appellant sought to go further into the matter and to explain that he did not enter the plea because he was guilty but because he was confined in jail and because his father wanted him to do certain work away from town. His father said he was going to pay the fine so that appellant might proceed with his peddling business which would take him out of town, and that it was paid by his father under these circumstances.

The previous offense had no connection with the present case further than to affect the credibility of the appellant as a witness. No limitation was placed upon his testimony in the court's charge, and the

former conviction may have been a factor in enhancing the punishment. The court, in our judgment, was not warranted in refusing to admit the testimony explaining the circumstances and motives attending appellant's plea of guilty in the former case. The plea was proved as a discrediting circumstance against him. The law accorded him the right to explain this testimony in order that he might modify or destroy its adverse effect. Wallace v. State, 82 Texas Crim. Rep., 588, 200 S. W. Rep., 407; Johnson v. State, 69 Texas Crim. Rep., 107; Cowart v. State, 71 Texas Crim. Rep., 116; Tippett v. State, 37 Texas Crim. Rep., 191; Boone v. State, 85 Texas Crim. Rep., 663; Oxsheer v. State, 38 Texas Crim. Rep., 499; 43 S. W. Rep., 335; Bruce v. State, 31 Texas Crim. Rep., 590; 21 S. W. Rep., 681; Thompson on Trials, Sec. 475; Wigmore on Evidence, Vol. 2, p. 1089; Amer. & Eng. Cyc. Vol. 29, 825; Cyc. of Law & Proc., Vol. 40, p. 2571.

We think the error committed in rejecting this testimony was material, especially when considered in connection with the character of the testimony which was introduced and the heavy penalty assessed.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*