## SAM SKINNER v. THE STATE.

### No. 7684.   Decided May 16, 1923.

**1.—Selling Intoxicating Liquor—Moral Turpitude—Evidence.**

Where, upon trial of selling intoxicating liquor, the defendant denied the transaction, and was required upon cross-examination, over his objection, to testify that he was under indictment for different felonies, he should have been allowed on redirect examination to show that he was not guilty of the offenses named, and to state certain alleged facts upon which he based that conclusion.   Following Tippett v. State, 37 Texas Crim. Rep., 191, and other cases.   .

**2.—Same—Illegal Question—Practice in Trial Court.**

The prosecuting attorney should not have been allowed to have asked the question of defendant while on the witness stand, if a committee of citizens had not gone to his town and forced witnesses for him to desist from swearing in his favor.

Appeal from the District Court of Denton.   Tried below before the Honorable C. R. Pearman.

Appeal from a conviction of selling intoxicating liquor; penalty, three years imprisonment in the penitentiary.

Opinion states the case.

*Mays & Mays,* and *Robert H. Hopkins,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of three years.

The witness Will D. Burks, Jr., the purchaser named in the indictment, testified that he bought from the appellant a pint of whisky for which he paid him $2.50; that the transaction took place about the 28th of December, 1921.

Appellant, in his testimony, denied the transaction in toto.   On cross-examination he was required, over his objection, to testify that he was under indictment for several other felonies: two for the unlawful sale of intoxicants, one for assault to murder, and one for subornation of perjury.   Under the rule announced by the decisions of this court, the right of the State to make this proof is clear.

Appellant offered to testify on redirect examination that he was not guilty of the offenses named, and to state certain alleged facts upon which he based that conclusion.   Among other things, he offered to testify that both of the liquor cases were based upon the testimony of the same witness, naming him, and upon false testimony of such

witness; that the assault to murder charge was upon the fact that he shot a person who threatened to kill him and at the time was, with an open knife in his hand, advancing on appellant; that the witness in the subornation case was the son of an enemy of appellant and had in appellant's presence admitted facts showing appellant's innocence.

It appears from the bill as qualified that after excluding the testimony and after the State had closed its testimony, the court offered to permit appellant to take the stand and state that he was not guilty of the charges against him named in the indictments mentioned, but that he would not be allowed to make any explanation. The qualification of the bill also shows that in the charge to the jury the collateral offenses were limited to the impeachment of appellant.

The State having introduced several indictments charging the appellant with felonies, the purpose of which was to discredit him and cause the jury to reject his testimony as untrue, fairness demanded that he be permitted not only to deny his guilt of the offense with which he was charged, but to make an explanation of any facts and circumstances within his knowledge which would militate against the imputation of untruthfulness coming from the introduction of the indictments againts him. It is not to be inferred that he might introduce evidence upon this collateral other than his own, but he being a witness and discredited by the indictments, should have been permitted to give testimony of such explanatory circumstances in connection with the matter inquired about by the State as would tend to rebut the idea conveyed thereby that he was unworthy of belief. The case of Tippett v. State, 37 Texas Crim. Rep. 191, is directly to this effect, and so we construe the cases of Johnson v. State, 69 Texas Crim. Rep. 107; Cowart v. State, 71 Texas Crim. Rep. 116; Wallace v. State, 82 Texas Crim. Rep., 588, 200 S. W. Rep. 407; Boone v. State, 85 Texas Crim. Rep. 663.

The State relied on one witness, the truth of whose testimony was denied by the appellant. Some discrediting testimony against the State witness was developed. The pendency of the other indictments put appellant at great disadvantage both as to his guilt and his credibility, and the denial of his legal right to explain was prejudicial

In Bill No. 8 it is shown that the prosecuting attorney inquired of the appellant while he was on the stand if a committee of citizens had not gone to Tioga and forced witnesses for the appellant to desist from swearing in appellant's favor. The court refused to permit the answer to this question, but it is mentioned because it should not be asked upon another trial.

The other matters complained of, we believe, are such as will not occur on another trial.

Because of the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*