MONROE RANDELL V. THE STATE. ·

No. 9658.   Delivered December 9, 1925.

1.—Possession of Intoxicating Liquor—Charge of Court—Defensive Issue Omitted—Error.

Where, on a trial for possession of intoxicating liquor for the purpose of sale, appellant was found in possession of more than a quart of liquor, but his defense, supported by testimony, was sufficient, if true, to account for such possession consistent with his innocence of any purpose to sell it, the court should have submitted the defensive issue to the jury, and his refusal of appellant's requested charge presenting the issue, requires a reversal of the case. Following Davis v. State, 141 S. W. 93, and other cases cited.

2.—Same—Evidence—Improperly Excluded.

Where appellant, on trial, was shown to have committed a misdemeanor theft, and paid a fine, he should have been permitted to make an explanation of the circumstances under which he had been adjudged guilty, and paid the · fine. Following Scott v. State, 49 S. W. 531; Tippett v. State, 39 S. W. 120.

**3.—Same—Silence of Accused—Inadmissible Against Him.**

Except where expressly permitted by the Statute, the silence of an accused cannot be proven against him on the trial, our Constitution expressly providing that the accused shall not be compelled to give evidence against himself. The authorities in this State are uniform in so holding. Following Skirlock v. State, 272 S. W. 782.

Appeal from the District Court of Montague County. Tried below before the Hon. Vincent Stine, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

*Donald & Donald* and *Chancellor & Bryan* of Bowie, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of intoxicating liquor and the punishment is one year in the penitentiary.

The state's testimony shows that appellant was found in possession of more than a quart of intoxicating liquor. The appellant's testimony is sufficient if true to account for such possession in a manner consistent with his innocence of any intention to sell it. In this state of the record, the appellant requested the court to affirmatively charge the jury in effect that if the liquor was not possessed by the defendant for the purpose of sale or if they had a reasonable doubt as to such possession being for the purpose of sale, to acquit the defendant. This charge the court refused and the matter was not presented in an affirmative manner in any part of the court's instructions. This was error. Davis v. State, 141 S. W. 93. Grant v. State, 143 S. W. 93. Jones v. State, 96 Tex. Cr. Rep. 332; 257 S. W. 895. Garcia v. State, 273 S. W. 856, and cases there cited.

Appellant also complains because the court refused to allow him to make an explanation of the circumstances under which he had been adjudged guilty and paid a fine for misdemeanor theft. This action of the court was also error. Scott v. State, 47 S. W. 531. Tippett v. State, 39 S. W. 120.

On another trial appellant should not be interrogated as to his silence when arrested. Under the authorities in this

state his silence cannot be used in evidence against him. Skirlock v. State, 272 S. W. 782.

Other matters complained of will probably not arise in the same form on another trial, but for the errors above discussed, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.