## BASS MULLINS V. THE STATE.

No. 10083.   Delivered April 28, 1926.

**Rape—Evidence—Rebutting Impeachment—Improperly Excluded.**

Where, on a trial for rape, appellant testifying in his own behalf, the state was properly permitted to prove, as impeaching him, that he had theretofore been indicted for forgery, and for transporting intoxicating liquor, it was error for the court to refuse to permit appellant to prove that he was entirely innocent of both of these charges.   The authorities are uniform in support of the admissibility of such testimony, and the materiality of the testimony was apparent.   Following Skinner v. State, 251 S. W. 810; Boone v. State, 215 S. W. 310.

Appeal from the District Court of Lubbock County.   Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction of rape, penalty ten years in the penitentiary.

The opinion states the case.

*W. H. Bledsoe* of Lubbock, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Lubbock County of rape, punishment fixed at ten years in the penitentiary.

In view of our disposition of the case it seems unnecessary to discuss the facts.   Appellant testified as a witness in his own behalf.   On cross-examination he was asked by the State with reference to an indictment pending against him for a forgery, and over his objection, the State introduced in evidence said indictment wherein appellant was charged with forging a check and signing the name of A. G. Mullins, father of appellant, to the said check and passing same as true.   Thereafter appellant tendered as a witness before the court and jury his father, A. G. Mullins, and offered to prove by him that he fully authorized appellant to sign and execute the check referred to, and that at the time said check was made appellant was transacting business for, and made other checks and signed his father's name to them.   The learned trial judge sustained the State's objection to the testimony by the appellant and his father explanatory of said check.   Another bill of exceptions complains of the fact that while appellant was on the stand testifying the state

introduced in evidence another indictment charging him with the selling and transportation of intoxicating liquor in May, 1924, this trial being had in 1925. Said bill further sets out that after the state introduced this testimony appellant offered to testify in his own behalf that ever since he had been arrested on the charge of selling and transporting intoxicating liquor he had been ready for trial, and that he was familiar with the circumstances on which the indictment was predicated, and could prove that it grew out of the officers finding his car in the town of Slaton with some liquor in it one night, and that he could show that at the time he was in the town of Snyder, in Scurry County, more than ninety miles from Lubbock, and that he had loaned his car to a man named Baeber and that the car was under Baeber's direction and control at the time of the finding of the liquor, and that he did not have anything to do with the placing of the liquor in the car and never transported it, and had no connection with it whatever, and was in no way responsible for the transportation of said liquor. This evidence of appellant and his father was offered to rebut and overcome the effect upon the credibility of appellant of the introduction by the State of said indictments. The authorities seem uniform in support of the admissibility of such testimony. Skinner v. State, 251 S. W. Rep., 810 Boone v. State, 215 S. W. Rep., 310, and authorities therein cited. The materiality of this testimony was apparent. Appellant was practically his only witness in the instant case, and it was one in which he and the prosecutrix gave practically all the testimony. Testimony affecting his credibility as a witness could not but be material.

For the error of the court in rejecting the testimony mentioned, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*