JOE LEE WELCH v. THE STATE.

No. 10723.      Delivered March 2, 1927.

1.— Forgery — Impeaching Defendant — Contradictory Statements — Rule Stated.

Where the state on cross-examination of the accused seeks to impeach him by showing that he had made statements contradictory to his evidence given upon the trial, in rebuttal, he should be permitted to show that he had made the same statement on a former occasion, as that testified to by him on his trial. See Branch's Ann. P. C., Sec. 181, p. 111. Following Williams v. State, 24 Tex. Crim. App. 666; Streight v. State, 62 Tex. Crim. Rep. 453, and many other authorities.

2.—Same—Impeaching the Defendant—Proof of Other Indictments—His Right to Explain.

Where, on a trial for forgery, the state having proven by appellant that he was under indictment in Kendall County charged with forgery and the passing of a forged instrument, it was error to refuse to permit the appellant to explain, if he could, that he was not guilty of the offenses charged against him in Kendall County. Following Wallace v. State, 200 S. W. 407; Skinner v. State, 251 S. W. 810, and Randell v. State, 278 S. W. 210.

3.—Same—Evidence—Properly Excluded.

There was no error in refusing to permit appellant's father to testify that he had heard Claude Roberts state several days after the appellant had given bond, that appellant had nothing to do with the check in question, and

that he, Roberts, had cashed the check without the knowledge ·of appellant. This was not admissible as original testimony, nor was it in any sense contradictory of the incriminating testimony of Sid Roberts.

**4.—Same—Requested Charge—On Alibi—No Error in Refusing.**

Where appellant was on trial charged with forgery and passing a forged instrument, and defended against the passing of the forged instrument by proof of an alibi, but was convicted of forgery, the refusal of his requested charge on alibi as against the issue of passing the forged instrument, presents no error.

Appeal from the District Court of Gillespie County. Tried below before the Hon. J. H. McLean, Judge.

Appeal from a conviction for forgery, penalty two years in the penitentiary.

The opinion states the case.

*Will A. Morris,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of forgery, and his punishment assessed at two years in the penitentiary.

It was the contention of the state, and evidence was introduced to that effect, that the appellant presented a check in the sum of $25, drawn on the Schreiner Bank, to Klaerner & Schmidt, a mercantile firm at Fredericksburg; that said check was purported to be signed by E. D. Burleson and payable to J. E. Clute; that the appellant indorsed said check by signing on the back thereof the name "J. E. Clute," stating at the time that it was his name; and that said firm cashed the check, deducting from the amount thereof seven or eight dollars with which to pay for some groceries purchased from them by the appellant. It was the further contention of the state that the maker and payee on said check were fictitious persons. The appellant defended upon the ground that he knew nothing of the transaction in question, and that at the time it occurred, as testified to by the state's witnesses, he was at the Central Drug Store in Fredericksburg, two blocks away from the alleged scene of action. Appellant further testified that the check in question was cashed, he learned afterwards, by his cousin, Claude Roberts, who was traveling with him at the time in an automobile and who was about the same age as appellant and who bore a close resemblance to him.

The record contains many bills of exception, but we will only

discuss those which we thing are necessary for a proper disposition of this case and such as raise questions likely to arise again upon another trial. Bills of exceptions Nos. 5 and 16 complain of the action of the court in permitting the state, on cross-examination of the appellant, to prove by him that he was not acquainted with a man by the name of E. D. Burleson, and that he did not know anybody named J. E. Clute; and also to have him testify, over his objection, that he made a sworn application, which was also introduced in evidence by the state, asking for process for the said E. D. Burleson and J. E. Clute as witnesses, alleging that they lived in Kerr County and were material witnesses in his behalf; and to have appellant further testify that he obtained these names from said check. These bills further show that after the court had admitted this testimony over his objection, the court then refused to permit appellant to introduce evidence his voluntary statement made prior thereto on the examining trial and reduced to writing wherein he testified that he never knew of any persons bearing the names of J. E. Clute or E. D. Burleson, which testimony, in effect, was the same as that given by him in the instant trial and sustained his defense. We are of the opinion that after the court permitted the state to elicit from the appellant, on cross-examination, the information that he never knew any parties bearing the names found in the check, and permitted the state to introduce the application made by appellant asking for process for said alleged named parties as witnesses, which, appellant testified, was made at the instance of his attorney, the court was clearly in error in refusing to permit the appellant to introduce in evidence so much of his testimony given on the examining trial shortly after the alleged offense and prior to said application for process, as tended to support his testimony on the main trial. Mr. Branch, in his Ann. P. C., p. 111, under Sec. 181, states:

"Where a defendant or his witness has been impeached or sought to be impeached by proof of contradictory statements, it is error to refuse to permit defendant to sustain his own testimony or that of his witness by proof of statements similar to those testified to on the trial which were made shortly after the transaction," etc.

Citing Williams v. State, 24 Tex. Crim. App. 666, 7 S. W. 333; Streight v. State, 62 Tex. Crim. Rep. 453, 138 S. W. 751, and many other authorities.

Bills Nos. 7 and 8 complain of the action of the court, after permitting the state to show by the appellant on cross-examination that he was then under indictment in Kendall County

charged with forgery and the passing of a forged instrument, in refusing to permit the appellant, in explanation thereof, to testify that he was indicted jointly with Claude Roberts on a transaction which grew out of the passing of a check by said Roberts, and that he was not in any manner connected with said transaction and was not guilty of the offense.   The court's qualification to these bills states that he sustained the state's objection to appellant's proposed explanation because it, in effect, would be allowing the appellant to go into the trial of that transaction. We are of the opinion that the learned trial judge was in error in refusing to permit the appellant to explain, if he could, that he was not guilty of the offense charged against him in Kendall County, after the state had attempted to becloud his testimony by reason of being charged with said indictment.   This court has repeatedly held that under such circumstances the appellant has the right to introduce evidence which would, militate against imputations of untruthfulness coming from the introduction of evidence of other indictments, and to explain to the jury, if he can, that he is not guilty of such charges.   Wallace v. State, 200 S. W. 407; Skinner v. State, 251 S. W. 810; Randell v. State, 278 S. W. 210.

Appellant also complains of the action of the court in refusing to permit him to prove by his father that he, the witness, heard Claude Roberts state, several days after the appellant had given bond, that appellant had nothing to do with the check in question and that he, Roberts, cashed the check in the absence and without the knowledge of the appellant, and that the reason he told officers it was appellant who cashed the check was in order to get enough time in which to leave the country.   From appellant's brief we infer that he insists that this testimony was especially admissible after the state had proved by Sid Roberts, brother of Claude Roberts, that he, the witness, heard appellant state to Claude Roberts that if he were to testify as to what happened relative to the check in question, he, appellant, would go to the penitentiary.   The court, in qualifying these bills, states that the conversation testified to by Sid Roberts took place two or three days prior to the alleged conversation which the appellant sought to prove by his father, and that the two conversations were at different places and wholly disconnected with each other.   These bills, as presented, show no error.

The appellant complains of the refusal of the court to give a charge on alibi, after he had specifically objected to the court's charge by reason of such failure and had prepared and presented a special charge thereon.   We are of the opinion that this issue

was clearly raised and demanded a charge thereon, bearing on the count in the indictment which charged appellant with passing a forged instrument. Had the appellant been convicted on this count in the indictment, the refusal of the court to charge on alibi would have been reversible error; but since the appellant was convicted of forgery, this question passes out of the case.

After a careful examination of the entire record, we are of the opinion that, for the errors discussed, the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.