GEORGE DOUGLASS v. THE STATE.

No. 4044.    Decided December 9, 1908.

**Murder—Evidence—Res gestae.**

Where upon trial for murder it appeared that the defendant, a few moments after the homicide made a statement as to how and why he killed deceased in self-defense, it was error to refuse to admit the same in evidence; the same showing to be a spontaneous statement of the transaction.

Appeal from the District Court of McLennan.    Tried below before the Hon. R. I. Munroe.

Appeal from a conviction of manslaughter; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Williams & Williams,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of manslaughter, and his punishment assessed at three years confinement in the penitentiary.

Bill of exceptions No. 5 shows the following: That after it had been shown by the testimony that the homicide under investigation occurred on the railroad track back of Horace Hooper's residence, and that from the place of the killing to Horace Hooper's back door in his back yard was about 85 yards, and after the said Horace Hooper had testified in this case that he heard the shots fired, and that about two or three minutes thereafter the defendant came back to his back door and called him out, and that the defendant then had a winchester in his hand and seemed very much agitated and excited, and after the defendant had testified in his own behalf that immediately after the shooting of the deceased by him he ran from the place of the shooting through Horace Hooper's back gate and to Horace Hooper's back door and called the said Horace Hooper out, and that the said Horace Hooper came out immediately, and that he then made

said Hooper a statement as to the killing and its causes, and the said Horace Hooper being on the stand as a witness for the defendant, then testified that immediately when he went out the defendant, George Douglass, made a statement to him as to how and under what circumstances said killing occurred, and the causes thereof, and the defendant then requested said witness Hooper to state what the defendant had said to him at said time and place with reference to the killing, how it occurred and the causes leading up to same. Said witness, if permitted, would have answered that defendant while in such greatly agitated condition, and immediately after his getting to him, told him that he had shot Lewis Campbell, the deceased; that deceased had that evening sent for him to come to Cornelia Fox's restaurant and had beat him up for nothing, and that said Campbell had passed his, defendant's house the same evening and made his wife an indecent proposition, and that at the time of the killing had waylaid him, the defendant, down there on the railroad track and tried to murder him, and that he, defendant, had to kill deceased to save his own life. The State objected to said testimony on the ground that same was hearsay, which objection was sustained, and the testimony not permitted to go to the jury. In this the court erred since the testimony is clearly res gestae and should have been admitted. Numerous authorities might be cited to support this, but we deem it unnecessary since it has always been held by this court that where a statement was made within a few moments by appellant or deceased showing no thought or chance of being otherwise than a spontaneous statement it is always reversible error not to admit same.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*