## HARRISON DAVIS v. THE STATE.

No. 7862. Decided November 28, 1923.

**1.—Assault to Murder—Continuance—Want of Diligence.**

Where the application for continuance alleged that the witness promised to be present, but no process of any kind had been issued for her or served upon her and no sufficient excuse was given therefor, the application was properly overruled for want of diligence.

**2.—Same—Evdence—Bill of Exceptions.**

The complaint that appellant was not allowed to ask the witness whether prosecutrix heard him make the statement, etc., cannot be considered on appeal in the absence of a statement what the witness would have answered; besides, the testimony was immaterial.

**3.—Same—Bill of Exceptions.**

The State's objection to the question being sustained and no answer expected of the witness being set out, presents no error.

**4.—Same—Evidence—Res Gestae.**

Where, upon trial of murder the court refused to allow testimony to prove a statement made by accused to the officer who arrested him within fifteen minutes after the alleged assault, which was material and *res gestae*, same was reversible error. Following Deneaner v. State, 58 Texas Crim. Rep., 624, and other cases.

**5.—Same—Evidence—Other Transactions.**

The fact that defendant did not shoot or cut his first wife sheds no light on any issue involved in this case, nor would the fact of infidelity of the first wife do so, and should not have been admitted in evidence.

Appeal from the District Court of Cherokee. Tried below before the Honorable L. D. Guinn.

Appeal from a conviction of assault to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of assault with intent to murder, and his punishment fixed at two years in the penitentiary.

Appellant was charged with an assault to murder his wife, both parties being negroes. That he shot at her with a pistol and cut her with a knife is undisputed. The parties had been living apart, but appellant's theory was that the separation was caused by no disagreement and that he expected shortly to be able to provide a home and support for his wife. He was visiting at the place where she was staying at the time of the assault and claimed to have picked up an unsigned letter addressed to his wife and which said: "I didn't think you would treat me that way and that he enjoyed being with her that night, and you act like you want to quit me." Appellant's wife was not present when he claimed to have found this letter but came in shortly, and he said that he asked her about the letter and she denied it, and appellant testified that he then shot her through passion and that he cut her for the same reason. Prosecutrix for the State swore that appellant came to where she was sitting that morning and wanted her to come back and live with him and when she refused he got mad and attacked her.

The application for continuance was correctly overruled. There was no sort of diligence averred. It was set up that witness promised to be present but no process of any kind had been issued for her or served upon her. The indictment was returned September, 1922 and

the trial had December, 1922. No excuse or sufficient reason appears for failure to issue process.

The complaint that appellant was not allowed to ask a witness whether prosecutrix heard him make statements,—as set out in appellant's second bill of exceptions,—can not be considered because same does not set out what the witness would have answered in response to the objectionable question, and further because the bill sets out no facts which would have relieved the answer if affirmative, of being a mere opinion of the witness dependent upon a state of facts which does not appear. Nor are we able to see the relevance of any answer. Prosecutrix was badly cut in the throat and what was being said in her presence by others, not parties to the transaction about a letter, would not seem admissible as binding her or affecting the guilt of the accused.

Bill of exceptions No. 3-A complains that appellant "Asked a witness if he (meaning the defendant) made a statement to him that caused him to go anywhere to look for something." The State's objection being sustained, and no answer expected of the witness being set out, we are at a loss. The question presents nothing. The bill presents no error.

As we understand bill of exceptions No. 3-B, it reflects the court's refusal to allow the defense to prove a statement made by the accused to the officer who arrested him within fifteen minutes after the alleged assault. The officer testified that at the time of making this statement appellant was excited, nervous and trembling, and appeared to be shaking and very much agitated. It appears from the bill of exceptions that he told the officer of finding the letter testified to by him, and also told the officer that it made him so mad he did not know what he was doing. We think this testimony was admissible as *res gestae.* Craig v. State, 30 Texas Crim. App., 621; Craven v. State, 49 Texas Crim. Rep., 78; Doyle v. State, 54 Texas Crim. Rep., 639; Garcia v. State, 70 Texas Crim. Rep., 485, 156 S. W. Rep., 942; Lindsey v. State, 35 Texas Crim. Rep., 164; Demeaner v. State, 58 Texas Crim. Rep., 624.

Appellant while a witness was asked, "You didn't do your first wife this way when she was untrue to you, you divorced her, didn't you?" The fact that appellant did not shoot or cut his first wife, sheds no light on any issue involved in this case; nor would the fact that he divorced his first wife for infidelity seem to aid in solving the question as to his motive or mental condition when he shot and cut prosecutrix in this case. These matters were material and we are unable to say that the errors did not affect the fairness and impartiality of the trial.

For the errors mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*