## CHARLEY WILLIAMS V. THE STATE.

No. 9440.   Delivered November 11, 1925.

**1.—Burglary—Evidence—Silence of Defendant—Inadmissible.**

Where, on a trial for burglary, it was error to permit an officer to testify that at the time of his arrest of the defendant, he told defendant's wife in his presence that some stuff had been stolen, and found in his, defendant's, house, and identified as the other man's, and that defendant didn't say anything to that.   The silence of defendant while under arrest cannot be used against him as a confession of the truth of statements made in his presence by his co-defendant or any one else.   See Brown v. State, No. 8718, opinion October 28, 1925.

**2.—Same—Continued.**

The rule seems to be that when the accused is arrested or while under arrest, he makes no statement, but remains silent, this is not provable against him as a guilty circumstance.   Our Constitution and laws give to the accused when in custody the right to remain silent, and certainly the courts will never hold that he may be robbed of this right by permitting the State to prove that when arrested he remained mute.   Following Fulcher v. State, 28 Tex. Crim. App. 465.

**3.—Same—Argument of Counsel—Improper—Subject Continued.**

It naturally follows that the above observations being true, the district attorney should not have been allowed to argue to the jury in effect that appellant made no explanation when arrested, or on his way to town, and appellant's request to the court to instruct the jury not to consider such argument, should have been given.

Appeal from the District Court of Coleman County.   Tried below before the Hon. J. O. Woodward, Judge.

Appeal from a conviction of burglary, penalty two years in the penitentiary.

The opinion states the case.

*W. Marcus Weatherred,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction in the District Court of Coleman County for burglary, with punishment fixed at two years in the penitentiary, this appeal is taken.

Appellant was arrested on this charge at the home of a Mr. Furry.   Bill No. 5 sets out that the deputy sheriff who made the arrest was a witness for the State and was asked: "Who

was present, and what was said at the time you arrested the defendant?" Appellant objected to this question and its answer upon the ground that he was under arrest and statements then made could be but prejudicial, and that it would be an effort to compel his wife to testify against him. The objection was overruled and the witness answered:

"His (defendant's) wife was present when I arrested him. I did not tell him what I arrested him for; he didn't ask me any question when I arrested him. His wife asked what it was all about; I told her there had been some stuff stolen and found in his house and identified as the other man's; he didn't say anything to that."

This testimony was inadmissible. Mr. Branch cites many cases on page 39 of his Annotated P. C. holding that "whether warned or not, the silence of defendant while under arrest cannot be used against him as a confession of the truth of statements made in his presence by his co-defendants, or anybody else." See also Brown v. State, No. 8718, opinion October 28, 1925. Statements of appellant's wife could in no event be admissible except upon the ground that same called for a denial or explanation on appellant's part, and, he being under arrest, the rule ordinarily arising could have no application; her statement therefore was improperly received. The deputy's statement that the property had been identified could not be admitted under any rule known to us.

The rule seems to be that when the accused makes no statement when arrested or while under arrest, this is not provable against him as a guilty circumstance. Fulcher v. State, 28 Texas Crim. App. 465; Simmons v. State, 50 Texas Crim. Rep. 527; Swisher v. State, 84 S. W. Rep. 911; Ripley v. State, 58 Texas. Crim. Rep. 489. If others may not legally give testimony of such silence or failure to make statements on appellant's part while under arrest, it would seem that an objection should have been sustained to the question, asked appellant while on the witness stand in his own behalf, as follows: "Why didn't you ask the officer what you were being arrested for?" Our Constitution and laws give to the accused when in custody the right to remain silent, and certainly the courts will never hold that upon taking advantage of this right, he may be robbed of it in effect by the State being allowed to prove as a guilty circumstance against him, that when arrested he remained mute. The same principle and reasoning apply to the question asked appellant on the witness stand as to whether

during his confinement in jail after his arrest, he had ever asked the sheriff what he was arrested for.

It naturally follows that if the above observations are true, the district attorney should not have been allowed to argue to the jury, in effect, that appellant made no explanation when arrested or on his way to town, etc., and that special charge No. 8, asking that the jury be instructed not to consider such remarks of the district attorney, should have been given.

The matter of the refusal of the continuance will not be discussed in view of the reversal made necessary otherwise. None of the other matters of complaint seem serious.

For the errors above mentioned, the judgment will be reversed and the cause remanded.