## Ben Brown v. The State.

### No. 9653. Delivered March 3, 1926.

**1.—Murder—Statement of Accused—Res Gestae—Improperly Excluded.**

Where, on a trial for murder, appellant offered to prove by two witnesses statements made by him to said witnesses of an exculpatory character, such statements, as presented, being res gestae, it was error for the trial court to exclude them. Following Fleming v. State, 274 S. W. 616 and other cases cited.

**2.—Same—Evidence—Properly Excluded.**

Where appellant offered in evidence the details of a difficulty between the deceased and a witness, such testimony was properly excluded, the court having permitted said witness to testify as to the matter, as far as the law permitted in such cases. Following Johnson v. State, 167 S. W. 733.

**3.—Same—Statements of Appellant's Wife—Erroneously Admitted.**

Where, on a trial for murder, it was error for the court to permit the State to prove that, after his arrest, his wife stated in his presence, "I told you not to do it." The undisputed evidence shows that at this time appellant was under arrest, and was not bound under the law to make any statement, nor could his silence be construed as any evidence

against him, and the State could not bind him by such statement made by his wife. Following Williams v. State, 277 S. W. 389; Marsh v. State, 54 Tex. Crim. Rep. 147.

Appeal from the Criminal District Court of Tarrant County. Tried below before the Hon. George E. Hosey, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*George H. Culp* of Gainesville, *McLean, Scott & Sayers* of Fort Worth, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry Jr.*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged in the Criminal District Court of Tarrant County with murder, found guilty of manslaughter, and his punishment assessed at five years in the penitentiary.

Briefly stated, the record discloses that the appellant was a merchant in the city of Fort Worth, and had sold the deceased goods on time, and the deceased had informed him that if he would come to his place of employment at a certain time he would pay him; that at the time and place mentioned, the appellant presented his account to the deceased, which culminated in a fight in which the appellant cut the deceased with a knife, the effects of which caused his death. It was the contention of the appellant that immediately preceding the difficulty the deceased threatened to cut his head off, then grabbed him by the arm and was severely wrenching it, struck him in the eye and blinded him, which caused him pain; and that thinking he was in danger of death or serious bodily injury, he cut the deceased with his pocket knife in self-defense. It was the further contention of appellant that the deceased was a stout, robust man, much larger and stronger than himself, and was of a dangerous and violent character, and was in the habit of carrying what was known as a large deer foot knife.

The record discloses six bills of exceptions upon which appellant relies for a reversal in this case. Complaint is made by the appellant in bills 1 and 2 to the refusal of the court to permit him to prove by Mrs. Hill and Detective Ford, that immediately after the difficulty, that he, the appellant, told said witnesses that he had stabbed the deceased and was afraid

he had killed him, and he thought the deceased had the large deer foot knife that he usually carried, and the deceased told him, the appellant, that he would cut his God damned head off, and hit him in the eye and blinded him, and he thought he was going to do so; and that he, appellant, jerked out his knife and cut him to keep him off of him.   The appellant contends that these statements were res gestae of the transaction and should have been admitted.   We think that his contention in this respect is correct and the learned judge erred in excluding the testimony from the jury.   Fleming v. State, 274 S. W. 616; Simpkins v. State, 251 S. W. 1084; Davis v. State, 255 S. W. 1112; Branch's Ann. P. C., Sec. 83, p. 52.

By bill of exceptions No. 4 complaint is made to the action of the court in refusing to permit him to demonstrate the respective positions of the deceased and himself during the difficulty, to the jury.   The court's qualification to this bill shows that no objection was made to the appellant's making such demonstration before the jury, and the court did not prohibit the defendant from so doing.   The appellant having accepted this bill with the qualification, is bound thereby, and as presented, no error is shown in the matters complained of.

In bill 5 complaint is made to the refusal of the court to permit the appellant to show by the witness Mustard, after he had testified to the deceased's assaulting him without provocation, that at said time, he, said witness, weighed 110 pounds and the deceased weighed about 175 pounds.   We find no error in the action of the court in this particular in its refusal to go into the details of said difficulty, and we think the bill shows that the court permitted the appellant to go as far into the matter as the law permitted in such cases.   Johnson v. State, 167 S. W. 733.

In bill of exception No. 6 complaint is made to the action of the court in permitting the officers to testify, over appellant's objection, that after they arrested him, that they heard appellant's wife say, "I told you not to do it."   The appellant contends that this testimony was permitting the State to use his wife as a witness against him, and that said alleged statement did not call for a reply, and was not binding upon him, and that he was under arrest at the time same was made. We think the appellant's contention in this respect is well taken, and that the learned judge fell into error in admitting this testimony.   The undisputed evidence shows that at this time appellant was under arrest and was not bound under the law to make any statement, nor could his silence be construed as any evidence against him, and the State could not

bind him by such statement so made, if any, by his wife. We think the case of Williams v. State, 277 S. W. 389, is clearly in point and decides this question in favor of the appellant. Also see Marsh v. State, 54 Tex. Crim. Rep. 147; 112 S. W. 321.

For the errors above mentioned, we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals, and approved by the Court.