## Warner Vardeman v. The State.

No. 10774.    Delivered March 23, 1927.

1.—Theft of Cattle—Continuance—New Trial—Properly Refused.

Where appellant complains of the refusal of a continuance and the overruling of his motion for a new trial, because of such refusal, and his bills are qualified to the effect that no diligence was shown to secure the attendance of the absent witnesses, and no statement of facts appears in the record, this court is in no position to appraise the merits of such complaints.

2.—Same—Misconduct of Sheriff—Communicating With Jury—Not Established.

Where appellant complains of the misconduct of the sheriff in communicating with the jury, and evidence is heard upon the matter, it will be presumed that the trial court correctly solved the issue, unless the evidence heard is brought before this court for review, and shows to the contrary.

3.—Same—Evidence—Cross-Examination—No Statement of Facts—Error Not Disclosed.

Where, in numerous bills of exception, appellant complains of the cross-examination of witnesses and fails to show what was proven on direct examination, in the absence of a statement of facts, this court is not in a position to determine whether the matters referred to in the bills were of importance or not.

**4.—Same—Argument of Counsel—Qualification of Bill—No Error Shown.**

Where appellant complains of the argument of counsel and the refusal of the court to give his special charges withdrawing same from the jury, and his bill is qualified by the trial judge with the statement that the facts were not properly stated in the bill, and are not approved, and that all special charges touching the argument were given, no error is presented in such bill.

Appeal from the District Court of Nacogdoches County. Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for theft of cattle, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Theft of cattle is the offense, punishment fixed at confinement in the penitentiary for a period of two years.

We find no statement of facts. There are a number of bills of exceptions.

There is some confusion in the numbering of the bills of exceptions. Two of them are designated as No. 1. One of these and bill No. 4 relate to the action of the court in refusing a continuance. The court qualified the bills with the statement that there was not sufficient diligence to secure the attendance of the absent witnesses, and further stated that the motion for a continuance was not considered for the reason that the affidavit was taken by the attorney for the appellant; also that there was no probability of securing the attendance of the witnesses named by the delay. We will add that in the absence of a statement of facts the materiality of the alleged absent witnesses is not made clear.

Bill No. 4 relates to the action of the court in overruling the motion for a new trial based upon the refusal to continue. The trial court reiterates his statement by reference to the qualification of the other bill to the effect that there was no diligence shown and that the motion was not properly verified. However, in the absence of a statement of facts, this court is in no position to appraise the merits of the motion for a continuance.

Bills Nos. 1 and 2 complaining of the misconduct of the sheriff in communicating with the jurors are not effective for the reason that in qualifying the bills the judge stated that the facts recited therein *are not approved but reference is made to the testimony*

of the jurors given upon the hearing of the motion for new trial. The testimony mentioned is not before this court. The order on the motion for new trial recites that evidence was heard. Where an issue of fact is raised in the motion for new trial and evidence is heard, it will be presumed that the trial court correctly solved the issue unless the evidence is brought before this court for review. See Harcrow v. State, 97 Tex. Crim. Rep. 274; Lopez v. State, 208 S. W. 167.

In bill No. 3 appellant attempts to make complaint of the jury panel. The trial court, in approving the bill, so qualified it as to render it inoperative.

We have examined bills of exceptions Nos. 5, 6, 7, 8, 9, 10, 11 and 12. These bills are largely in question and answer form. As qualified, some of them refer to the cross-examination of appellant's character witnesses. The bills in themselves fail to show what was proved on direct examination, and we are not in a position to determine whether the cross-examination was pertinent or not. Moreover, they relate to the introduction of testimony, and in the absence of a statement of facts, we are not in a position to determine whether the matters referred to in the bills were of importance or not.

Bill No. 13 refers to the argument of counsel for the state which is embraced in certain exhibits wherein counsel for the appellant presented special charges requesting the court to withdraw the argument. Attached to these exhibits is a statement by the trial judge that the facts were not properly stated in the bill and are not approved, together with the additional statement that all the special charges requested touching the argument were given. Under the circumstances no reversible error is shown.

The judgment is affirmed. *Affirmed.*