Cliff Wilhite v. The State.

No. 13222.   Delivered April 9, 1930.
Reported in 27 S. W. (2d) 817.

The opinion states the case.

*C. G. Foust,* of Dublin, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.—The offense is selling intoxicating liquor; the punishment confinement in the penitentiary for one year.

Sam C. Mayes, a state ranger, testified that he went to appellant's home and bought from appellant a pint of whiskey. Appellant did not testify in his own behalf. The wife of appellant and several other witnesses gave testimony raising the issue of alibi. Appellant's affirmative defense was properly submitted to the jury. We deem the evidence sufficient to support the conviction.

It is shown by bill of exception No. 1 that a witness for the state testified, in response to a question by the prosecuting attorney, that he had a conversation with appellant's wife on the morning of March 8, 1929, in which she said that appellant had gone to Dublin to take the children to school. It is certified in the bill of exception that the testimony was admitted for the purpose of contradicting and discrediting the testimony of appellant's wife. Appellant ob-

jected to the testimony of the witness on the ground that "it was an attempt on the part of the state to contradict Mrs. Wilhite's testimony on an immaterial point and to discredit her as a witness in defendant's behalf, and was admitting testimony of a conversation that occurred between the witness and Mrs. Wilhite not in the presence and hearing of the defendant; was highly prejudicial and calculated to arouse the prejudice of the jury against the defendant who was the husband of Mrs. Wilhite, who testified in his behalf." The bill of exception is insufficient to manifest error. It fails to show what testimony the wife of appellant gave. If her testimony was immaterial, her improper impeachment would not have been harmful to appellant. Miller v. State, 67 Tex. Cr. R. 654, 150 S. W. 635; Holmes v. State, 68 Tex. Cr. R. 17, 150 S. W. 926; Widener v. State, 5 S. W. (2d) 138. It is certified in the bill that the testimony was admitted for the purpose of contradicting appellant's wife. It is stated as a ground of objection only that the effect of the testimony was to impeach the wife on an immaterial matter. The statement of the objection in the bill is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Buchanan v. State, 298 S. W. 569, and authorities cited. There is no evidence incorporated in the bill that would verify the truth of appellant's objection. The legal presumption is that the ruling of the trial court was correct, unless the bill of exception shows otherwise. Branch's Annotated Penal Code, Section 207; Buchanan v. State, supra.

Bill of exception No. 3 is concerned with the admission of certain testimony which appellant contends was erroneously received. The court qualifies the bill with a statement as follows: "At the time the witness Martin was testifying no objection of any kind or character was made to any matter which he testified about by the defendant or his counsel." As qualified, the bill fails to manifest error.

The judgment and sentence are reformed in order that it may be shown that appellant is condemned to confinement in the penitentiary for one year.

As reformed, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.