# APRIL 19, 1933

## BOB BARNETT V. THE STATE.

No. 15609.   Delivered April 19, 1933.
Reported in 59 S. W. (2d) 389.

The opinion states the case.

*B. F. Crosby*, of Greenville, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of a mule; punishment, two years in the penitentiary.

In connection with appellant's motion for rehearing our attention has been called to some matters and statements in the former opinion which, in our judgment, lead us to believe that we should withdraw our original opinion and file this one in lieu thereof, in which we will discuss the propositions advanced in the motion for rehearing also.

The alleged owner of the mule in question in this case testified that it ran in his pasture with its mother; it was missed and found in appellant's possession freshly sheared and marked with appellant's mark on its jaw. On the trial, appellant, supported by his wife, set up claim of ownership of said mule. The state by a number of witnesses controverted this claim. The trial judge submitted the issue as follows: "If you believe from the evidence that the mule in controversy was the corporeal personal property of and belonged to the defendant, Bob Barnett, or if you believe that the defendant, Bob Barnett, believed that said mule was his corporeal personal property and belonged to him at the time he took the same, if he did; or, if you have a reasonable doubt on either of these issues you will find the defendant not guilty." We think this a full and fair charge on the affirmative defensive issue.

There are five bills of exception, each of which bears a qualification of the trial judge which renders same of no avail. As to bills 3, 4 and 5, the court below certifies that no such exceptions were taken. Bill No. 2 complains that the state's objection to a certain question was sustained. The court's qualification certifies that no such question was asked, and fully sets out

what in fact did transpire. In the remaining bill of exception the court gave to appellant more than he was entitled. From same it appears that he was asked while on the witness stand if he had not been tried and convicted for murder. Such testimony would be admissible for what it was worth as affecting appellant's reputation for truth and veracity, but the court told the jury not to consider same.

The testimony so strongly supports the jury's conclusion of guilt that we see no reason for setting it out at any length. In his motion for rehearing appellant renews all complaints originally made in his brief and in the record. In our opinion multiplication of words in a charge of the court, unless necessary, is but useless. The court told the jury to acquit if appellant believed the mule in question to be his. We do not think it necessary, or of any aid to the jury, or any value to appellant, for the court to have told them that they should acquit if they thought he "honestly believed," etc.

The trial court's certificate that no such argument was made as is complained of must be taken by us as true in the absence of an exception to the qualification. There were no exceptions taken to any of the qualifications on any of the bills. We have carefully considered both the original brief and the argument, in the motion for rehearing, of able counsel for appellant, but are of opinion that he has had a fair trial, that no error was committed, and that the jury were warranted in their verdict of guilty.

The judgment will be affirmed.

*Affirmed.*