## Ross Yoakum v. The State.

No. 18407.   Delivered June 24, 1936.
Rehearing Denied October 21, 1936.

The opinion states the case.

*Fred A. White,* of Port Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was convicted of the offense of murder, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

By bill of exception number one appellant complains of the action of the court in declining to sustain his motion to quash the indictment on the ground that it was multifarious, in this,

that it charged two separate and distinct offenses. The indictment contained two counts: the first count charged the appellant with having killed Albert Harris on or about the 20th day of October, 1935; the second count charged him with killing Albert Harrison by shooting him with a gun. The bill of exception was qualified by the trial court and the qualification shows that the deceased was known by both names and the court submitted the case to the jury on the second count which charged appellant with killing Albert Harrison. The bill as thus qualified fails to show any error.

By bill of exception number two appellant complains that the prosecuting attorney in his argument to the jury made the following improper remarks, to-wit: "Defendant thought and believed that he was cock of the walk down there, and that everybody had to get out of his way and not interfere with him. That the defendant had beat up a cripple and was tried for said offense in the Courts of Jefferson County." The court qualified said bill and in his qualification states that no objection was made to any statements of the State's attorney in his argument to the jury; that the only reference to defendant's indictment for beating a cripple was brought out by the defendant's attorney on cross-examination of a witness. The bill as thus qualified fails to show any error. As the appellant did not make any objection to the argument at the time it was made, if it was made, he has no ground for complaint.

Appellant's next contention is that the evidence is not sufficient to warrant and sustain his conviction. We do not deem it necessary to enter upon an extended discussion of the testimony adduced upon the trial. We deem it sufficient to say that the testimony offered by the State shows an unprovoked and unjustified killing while that of appellant shows that he acted in self-defense. This raised an issue of fact to be determined by the jury, who are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given to their testimony, and their finding is conclusive.

The court in his charge adequately submitted every defensive issue raised by the testimony and no objection was made thereto by the appellant.

It is therefore ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing on the ground that we should have reversed this case because of argument of the State's attorney set out in the bill of exceptions. Nothing in said bill supports the contention that such argument, as appellant objected to, was in fact made by the State's attorney. We can not reverse cases unless we find support in the record of matters asserted to be erroneous. The qualification put on this bill of exceptions by the trial court completely negatives the idea that the State's attorney mentioned in his argument that the accused had beaten up a cripple, and was tried for so doing. This is the only contention appearing in the motion.

The motion for rehearing is overruled.

*Overruled.*