LOVIE BLACKERBY V. THE STATE.

No. 18623. Delivered December 16, 1936.
Rehearing Denied February 10, 1937.

The opinion states the case.

*Israel Smith,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

O. O. Johnson, the injured party, testified, in substance, as follows: On November 3, 1935, he met appellant and Walter Thomason at a sandwich shop in the City of Tyler, and accepted their offer to take him home in their automobile. While they were riding in the car someone struck him on the head and he was momentarily rendered unconscious. When he regained consciousness he was out of the car. Thomason was in front of him, searching his pockets and someone behind him was also making a search. One dollar and seventy-five cents was taken from his possession. After he had been robbed appellant and Thomason left him by the side of the road and drove away. An officer testified to having gone to the scene of the robbery. He said he found the tracks of two men and a woman there. He also found a broken beer bottle nearby.

Appellant did not testify.

Bills of exceptions 1 to 3, inclusive, are concerned with remarks of the trial judge in the presence of the jury. These bills are qualified by the trial judge to show that appellant interposed no objection or exception to the remarks. In view of the qualification, the questions sought to be presented cannot be reviewed.

Bill of exception No. 4 is concerned with the testimony of an officer to the effect that he observed the tracks of a woman and two men at the scene of the alleged robbery. These tracks were obsrved the morning after the robbery. We are of opinion that the testimony was admissible, as tending to corroborate the version of the injured party.

Bill of exception No. 5 is qualified to show that appellant failed to except to the action of the court in sustaining an objection of the district attorney to certain testimony offered by appellant. Hence the ruling of the trial court is not subject to review.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a motion filed by appellant herself, she assails the sufficience of the testimony. We have again

reviewed same. Clearly if the jury believed the prosecuting witness, this appellant and another acted together in robbing him. We can not say that the jury were without testimony to support their conclusion. Appellant and the other party, a young man, had taken the injured party in a car, which appellant drove, out in the country some distance to the point where he said he was robbed by the joint efforts of two people, one in the front, and the other in his rear, who was going over his body in conjunction with the one in front. We can not say that the record is without testimony to support the judgment.

The motion for rehearing is overruled.

*Overruled.*