GLADYS POWELL v. THE STATE.

No. 19319.   Delivered February 16, 1938.
Rehearing denied March 30, 1938.

The opinion states the case.

*W. C. Wofford* and *Frances Fullerton,* both of Taylor, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of failing to stop and render aid to a person whom she had struck with an automobile and her punishment was assessed at a fine of $500.00.

The indictment charged that on or about the 11th day of February, 1937, "Gladys Powell, in the County of Williamson and State of Texas, was then and there the driver of and in control of an automobile, and while operating and controlling said automobile, she, the said Gladys Powell, did strike Sidney Evans with said automobile—and did then and thereby and therewith injure the person of said Sidney Evans—and she did then and there unlawfully fail to stop and render to said Sidney Evans, the injured person, all necessary assistance, etc."

Appellant, in due time, filed a plea of former jeopardy in which she alleged that at the January Term, A. D. 1937, she was indicted by the grand jury of Williamson County for the offense of murder, alleged to have been committed by her on the 11th day of February, 1937. That she did voluntarily and with malice aforethought, kill Sidney Evans by running into and upon said Sidney Evans with an automobile. That thereafter on the 22d day of March, she was tried in said court upon said indictment for the murder of said Sidney Evans and was acquitted of said offense by a jury. Upon the trial of the in-

stant case, the court declined to submit her plea of former jeopardy to the jury. She excepted to this action by the court and brings the matter before us for review.

Conceding that the killing of Evans and her failure to stop and render all necessary assistance occurred at or about the same time, yet her acquittal of the charge of murder would be no bar to her conviction for failing to stop and render all necessary aid to the injured party. A person may, by accident and without any fault on his part, injure or kill another, and might not be guilty of murder, but if he failed to stop and render all necessary aid, he would be guilty of failing to stop and render aid. The killing of a person by driving an automobile upon or over him is one offense; failing to stop and render aid is quite a different offense. A person may be guilty of the latter when an injury or death is due to unavoidable accident.

We are of the opinion that the plea of former jeopardy was not available to the defendant for the reason that she might not have been guilty of murder as charged in the former indictment; true, she might have collided with Evans and inflicted the injury upon him without any fault on her part, yet she was required to stop and render all necessary aid and assistance; a failure to do so would be a violation of the law.

Bill of exception number three recites that the State was permitted to introduce in evidence an automobile headlight rim which had been recovered from a trash barrel at Nevelow Brothers Garage in the city of San Antonio by Captain Hickman. That upon appellant's trial for murder, the rim had an identification tag attached showing that it was from a V-8 Ford car, and showing where and when it was found. But at this trial the tag had been removed and turned over to W. E. Naylor, a member of the State Safety Patrol, without the knowledge of the appellant. Appellant requested the court to compel Naylor to produce the tag and attach it to the rim. The court advised appellant that Mr. Naylor was in attendance at court and she could obtain the tag from Naylor.

Appellant contends that the action of the trial court compelled her to place Naylor on the witness stand and thereby deprived her of the right to object to the introducion of the rim for the reason that the identification tag showed the rim to have been removed from a Ford V-8 coupe, and would not have been admissible with the identification tag attached. The court qualified said bill and states that the witness, Naylor, was called by the State on the afternoon of the first day of the trial; that he was cross-examined by appellant's counsel, but was asked no question in regard to the tag, although the witness

had the same in his possession; nor did appellant direct any question to Captain Hickman or Colonel Carmichael with reference to the tag or ask for its production.

We are of the opinion that the bill, as qualified, fails to show error. Moreover, the rim was found in a trash can at the garage where appellant had had her headlight repaired only a few hours prior to the time the officers found it. The mechanic had discarded it as useless. The identification tag was made and placed on the rim by the officers; being the act of third parties, it was not binding on either the State or the appellant. The tag was subject to being explained by the person placing it on the rim.

Bills of exception numbers four, seven, eight, nine and ten are all qualified by the court, and as qualified fail to show error. A discussion of each of them would serve no useful purpose and only tend to lengthen this opinion.

By bill of exception number eleven, appellant complains of the testimony given by Joe Fletcher to the effect that he obtained some pieces of glass from Mr. Fails at the City Hall. He took these to the Ford Motor Company and asked them if they could tell what kind of car they were from. The head mechanic stated that it came from a 1936 Ford car. Appellant objected to the acts and conduct of said witness and to the information given him by the mechanic because the same was hearsay and because it was not shown whether the glass came from a coupe, coach, sedan or truck.

Appellant's objection was too general. She made a blanket objection to all of said testimony, a part of which was admissible. Under the well-established rule in this State, the objection must point out the inadmissible testimony and be addressed to it. See Whitehead v. State, 81 Texas Crim. Rep. 278 (280) ; Martin v. State, 80 Texas Crim. Rep. 199 (201) ; Davis v. State, 83 Texas Crim. Rep. 539 (545) ; Aven v. State, 77 Texas Crim. Rep. 37; McKinney v. State, 80 Texas Crim. Rep. 31 (35).

Moreover, the record discloses that appellant elicited similar testimony to that complained of as being hearsay. An accused will not be heard to complain of the admission of testimony which is similar or of like nature to that offered by himself. See Pryor v. State, 225 S. W. 374; Burgess v. State, 225 S. W. 182; Enix v. State, 112 Texas Crim. Rep. 376; Sparkman v. State, 82 S. W. (2d) 972.

By bill of exception number thirteen, appellant complains of the admission in evidence of a purported confession which she made while under arrest and charged with the murder of Evans. She maintains that it is not a confession concerning the

offense for which she was then on trial, to-wit: failing to stop and render aid to Evans. We are unable to agree with her. The State was required to show that appellant either killed or injured Evans at the time and place charged in the indictment before it could secure a conviction for failing to stop and render aid. The confession, therefore, insofar as it tended to establish the fact that she struck him with her automobile at the time and place charged, was admissible. It established an essential element of the offense and showed that she did not stop.

The matter complained of in bill of exception number fourteen was admissible as a circumstance to show that the deceased was struck in the back or just below the back. The case was one of circumstantial evidence; in such cases greater latitude is allowed in the admission of evidence than otherwise, and any circumstance which may shed light upon the offense or transaction under investigation is admissible.

Bill of exception number fifteen complains of the court's action in declining to submit to the jury her plea of former jeopardy, and in declining to permit her to introduce in evidence the records in the murder case in support of her plea. What we have heretofore said regarding this matter disposes of this bill.

All other matters complained of have been carefully considered by us and deemed to be without merit.

Finding no error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that bills of exception numbers 12, 17, 18 and 19 exhibit errors for which the judgment should be reversed.

The bills enumerated were not overlooked on original submission, although they were not discussed.

Bill of exception number twelve reflects that a police officer testified that after one o'clock A. M. on the night of the 11th of February he was seeking appellant and failed to find her either at her place of business or her home, but found and arrested her on the morning of the 12th about one-thirty A. M. It was objected that the acts of the officer were not binding on appellant. It occurs to us that the evidence was admissible to show

flight of appellant from the scene of the collision. The evidence shows that appellant went to San Antonio after the accident occurred and had her automobile repaired before returning to Taylor.

Bill number seventeen brings forward complaint of argument of State's counsel as referring to the failure of appellant to testify. The trial court qualifies the bill by stating that no objection to the argument was made by appellant's attorney. Said qualification was not excepted to. It renders the bill ineffective.

The evidence described injuries on deceased's head only. Bill number eighteen reflects the following. In his argument appellant's attorney attempted to show the jury that it was impossible for an automobile to have injured deceased unless it struck him on the lower portion of the body. In his closing argument the district attorney picked up a pair of pants which had been identified as those worn by deceased at the time of his death, but which pants had not formally been introduced in evidence. The district attorney held the pants up in front of the jury, pointing out the seat of same, arguing that it showed to have been struck by the headlight of an automobile, and that certain marks on the lower portions of the pants indicated that deceased had been struck on the lower portion of the body also. Use of the pants by the district attorney was objected to on the ground that they had not been introduced in evidence, which objection was overruled. While the pants had not been formally introduced in evidence they had been identified and exhibited to the jury. A witness who was employed in the laboratory of the Public Safety Department testified that he had examined the rim from the headlight of an automobile shown to have belonged to appellant, and found imprinted in the dirt on the rim the same pattern of cloth as was in the weave of the pants of deceased, which pants were handed witness while he was testifying. In view of the evidence mentioned, and all other testimony in the case, including the statements of appellant in her confession and her conduct after the accident, there can not be any doubt that appellant's car struck and killed deceased. The incident complained of does not present error. See Zimmer v. State, 64 Texas Crim. Rep. 114, 141 S. W. 781.

Bill of exception number nineteen presents the question of the newly discovered evidence of the witness Frank D. Turner. His evidence was cumulative of that of the witness Wilder who gave precisely the same testimony which it was claimed Turner would give. The court was authorized in concluding that it was not reasonably probable that the trial would have resulted dif-

ferently had Turner's evidence been before the jury. See Branch's Ann. Texas P. C., Sec. 192, and authorities there cited.

Believing proper disposition was made of the case originally, appellant's motion for rehearing is overruled.