444

*William O. Braecklein,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Phil Burleson,* Assistant District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public highway while intoxicated; the punishment, 3 days in jail and a fine of $100.

The sufficiency of the evidence is not questioned. Including the testimony of the appellant, it shows that when arrested appellant was driving his automobile upon a public highway in Dallas with a metal City of Dallas danger marker or sign lying across the hood of the car. The sign was described as some 6 feet tall, including the post, the face of the sign being about three feet tall and around eight inches wide.

The arresting officers, and a third officer who observed appellant after his arrest, expressed the opinion that appellant was intoxicated. They described his appearance and demeanor and the odor of alcohol about him, and testified to their experience, as the basis for their opinions.

On cross-examination the officer witnesses answered that they were acquainted with the fact that there are certain situations with reference to medicine and with reference to health that might cause a person to appear to be intoxicated when he is not. The officers were not questioned otherwise regarding appellant's defense thereafter raised by his testimony, that his condition,

acts and conduct resulted from certain drugs he had taken and not from intoxicating liquor.

The jury resolved this issue against appellant.

The sole ground for reversal relates to argument of counsel for the state to the effect that there was no evidence other than the testimony of the appellant that he had taken or was under the influence of a drug; that appellant produced some pills which he testified he had been taking, but no testimony that he told anyone that night, and that no one confirmed his testimony that he had taken the pills. Counsel for the state also argued:

"Ladies and gentlemen of the Jury, don't you know that if you were stopped and you knew you were taking pills and you knew you weren't drunk and you were stopped by police officers and accused of drunk driving, wouldn't you say 'Officer, I have been taking pills, here they are.' "

Appellant's objection, and the complaint he here presents, is that the foregoing remarks were erroneous and prejudicial because he had the right to remain silent, and the fact that he did so while in custody was not admissible against him. He relies upon Williams v. State, 102 Texas Cr. Rep. 251, 277 S.W. 389, holding that the district attorney should not have been allowed to argue to the jury that the defendant made no explanation when arrested or on his way to town, and that the arresting officer's testimony that after the arrest the defendant said nothing when the officer stated that there had been some stuff stolen and found in his house was inadmissible. The holding was that such testimony and argument offended the rule that whether warned or not, the silence of the defendant while under arrest cannot be used against him as a confession of the truth of statements made in his presence by his codefendants or anybody else. Branch's Ann. P.C. p. 39, Sec. 64 (2d Ed. Sec. 87).

The rule relied upon by appellant does not appear to be applicable here. The evidence admitted without objection shows that appellant conversed freely with the officers; stated that he had "had a little at his job", when asked if he had been drinking; and when asked about the sign on the hood of his car, answered "What sign?"

Appellant also testified and exhibited to the jury pills which he said were like those he took and those he had with him when arrested, but was not asked and did not testify that he exhibited

the pills to the officers when arrested or that he told the officers, in giving his version of his condition, that he had taken pills or drugs.

Everhart v. State, 154 Texas Cr. Rep. 291, 226 S.W. 2d 637, cited by the state as involving a similar situation, appears to us to be in point. There the complaint was that the state was allowed to introduce evidence showing that the defendant remained silent as to certain matters at the time he made a confession. In holding there was no error this Court said:

"We think the basis of this complaint is the failure to state all of appellant's grounds of defense rather than a fact of silence when charged with such offense."

No reversible error appearing, the judgment is affirmed.