R. H. GREEN v. THE STATE.

No. 13652.  Delivered November 19, 1930.
Reported in 32 S. W. (2d) 650.

The opinion states the case.

*W. H. Crowell* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, abusive language; penalty, a fine of one dollar.

Omitting its formal averments, the information herein charged that "R. H. Green did then and there unlawfully in the presence and hearing of V. H. Jordan, curse and abuse, the said V. H. Jordan, and did use violently abusive language to and concerning him, the said V. H. Jordan under circumstances then and there reasonably calculated to provoke a breach of the peace."

The contention of appellant that this information is insufficient to charge an offense cannot be sustained. It is not necessary to set out the specific language used. Bryson v. State, 39 S. W. 365; 9 C. J. 390; Branch's P. C., Sec. 1542 and Sec. 1543; Foreman v. State, 31 Tex. Crim. Rep. 477; Trezevant v. State, 47 Tex. Crim. Rep. 502.

It is claimed in this court that venue was not proven. Since the enactment of what is now Art. 847, C. C. P., this court will presume the venue was proven unless a bill of exception appears in the record showing that an issue was made of same in the trial below. Brown v. State, 71 Tex. Crim. Rep. 353; Brady and Orgees v. State, 108 Tex. Crim. Rep. 606; Berry v. State, 111 Tex. Crim. Rep. 611; Vernon's Tex. C. C. P., Art. 847, Note 5.

Appellant complains of the action of the court in overruling his application for a continuance. The information against him herein was filed in December, 1929, and his case was set for trial March 31, 1930. The two absent witnesses were never subpoenaed. The diligence was insufficient. See Vernon's Tex. C. C. P., Art. 543, Note 5, and authorities there collated. In addition to the above, the application was fatally defective in failing to allege that the witnesses therein mentioned were not absent by the consent or procurement of defendant. This is made necessary by the terms of the statute. See Art. 543, C. C. P., Subdivision 4; Pullen v. State, 11 Tex. Crim. App. 89; Pace v. State, 69 Tex. Crim. Rep. 27; Vernon's Tex. C. C. P., Art. 543, Note 29, for full collation of authorities.

Deeming the evidence sufficient and no errors appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

Hawkins, J., absent.