FOLEY MAYES v. THE STATE.

No. 13951.    Delivered April 29, 1931.
Rehearing Denied October 7, 1931.

The opinion states the case.

*A. G. Mueller,* of Llano, and *G. A. Walters,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for swindling; punishment, two years in the penitentiary.

The facts, from the state's standpoint, show that appellant gave to Mr. Deats a check for $150, drawn on the First State Bank of Mason, Texas, in exchange for fifteen mares of the value of $10 each; that the mares were delivered to appellant and by him appropriated; that the check was presented to said bank and payment refused; that at the time the check was given on October 15, 1929, and at the date of trial in August, 1930, the books of said bank showed appellant to have had on deposit to his credit the amount of 24 cents, that being his balance from September 6, 1929, down to the date of this trial. No effort was made to show any arrangement with the bank to take care of such check upon presentation in due course of business. The state also showed that on the day before the transaction which forms the basis of the instant prosecution, appellant had engaged in a similar transaction with a Mr. Slator, and had purchased from Slator a number of horses, mares and mules for which appellant gave Slator his check on the same bank for $545, which check was returned unpaid.

Appellant claimed that he had been engaged for a long time in buying and selling stock, horses, mules, etc., and that he had often bought depending upon his mother to help him carry out the terms of such transactions. He claimed that in regard to the Deats and Slator transactions just above referred to, that he asked each of them to hold their checks for a few days, and that they promised him they would. He said he

intended to go back home and make arrangements to take care of the checks, but that upon reaching home he found his wife to be ill and in a hospital in Houston; that he at once went to where she was, leaving his mother to take care of his family. He further testified that he remained in Houston by his wife's bedside through her illness and operations, and that while there his mother died suddenly, and that her estate was immediately put into court, and that he was thus unexpectedly deprived of his expected means of caring for said checks. There is no testimony showing what became of the animals purchased by him, or their proceeds if re-sold by him. He said that the expenses of his wife's illness consumed all the money that he had, and that he was without further resources.

Bill of exception No. 1 complains of the refusal of an application for continuance. Since the application omitted several statutory requirements, it would appear to have been properly refused. The state controverted the application upon the ground that it did not set out that the witness named was not absent by the procurement or consent of the accused, and for the further reason that no diligence whatever was shown in the matter of issuance of process. In fact while the indictment in this case shows to have been returned in March, 1930, and the application for continuance to have been filed August 25, 1930, the application, as set out in the bill of exception, states that counsel for the accused had been employed only since noon of the day on which the application was filed. We are impelled to hold the action of the court in declining to grant such application to be proper.

The second bill of exception complains of the refusal of the motion to quash the indictment. The particular ground of the motion appears to be that the indictment does not allege that Mr. Deats sold and delivered to appellant the mares referred to, or that he delivered him anything of any value in exchange for said check. The indictment alleges the false representations as to said check, and the delivery and acceptance of the check, and the reliance of Mr. Deats upon same, and that he was induced thereby to part with title and possession of "said property and delivered the title and possession thereto to the defendant, who appropriated the same to his own use and benefit." A prior allegation in the indictment relative to the property was that appellant did "acquire from the possession of M. L. Deats certain corporeal personal property belonging to the said M. L. Deats, to-wit: fifteen mares, each of the value of $10, and of the aggregate value of $150." The motion to quash seems without merit.

The next bill of exception complains of the fact that the trial court permitted the state to ask appellant while on the witness stand in his own behalf, if he was not under other felony indictments. Such practice has always been held admissible by this court as affecting the cred-

ibility of the accused as a witness. Bill of exception No. 4 presents objection to a similar question.

There is a bill of exception complaining of the fact that appellant was asked if he had not been indicted and convicted and sent to the penitentiary and served a term therein for embezzlement. We think the complaint of this testimony to have no foundation. Payne v. State, 40 Texas Crim. Rep., 293; Boone v. State, 85 Texas Crim. Rep., 663; Cooper v. State, 111 Texas Crim. Rep., 622.

Bill of exception No. 6 complains of the refusal of the court to permit appellant to prove by the prosecuting witness that a day or two before this trial appellant had given him a mortgage on some stuff to take care of the indebtedness created by the check in question. We think the testimony incompetent. Appellant insists that this testimony was admissible at least in mitigation of the penalty. It might be said in reply that he was given the lowest penalty.

We see no error in allowing the officer of the First State Bank of Mason, Texas, to testify that within his knowledge the account of appellant was correctly kept, and to state what the amount showed to have been to the credit of appellant on the date of the transaction and since.

Another bill of exception presents complaint of the reception of the testimony of Mr. Slator as to the transaction had by him with appellant on the day preceding that here involved. The state takes the position that in as much as the Slator transaction was similar in all respects to the Deats' transaction, and occurred only a day before, that it was admissible to show system. We are not as careful in our thinking regarding what constitutes system as we might be. Similarity of transactions, and proximity of time thereof, does not of itself constitute system. McGowan v. State, 117 Texas Crim. Rep., 74, 36 S. W. (2d) 156; Long v. State, 39 Texas Crim. Rep., 545. From said Long opinion we quote:

"Now, we hold that because an offense has been committed by a defendant in the same manner that the offense charged may have been committed does not constitute this separtae offense a part of a system. The fact that two distinct crimes may have been committed in the same way does not, in our opinion, constitute a system, as meant by the authorities treating of this subject."

When the purpose of the state is to rebut some claim of good faith, or lack of evil intent in the particular transaction involved, the state may prove appellant's guilty connection with similar transactions contemporaneously or nearly so with the one involved. When the question of identity of the accused as the guilty party is combated and in doubt, the solution of such question may be aided by proof, in proper cases, or the identity of the accused as engaged in similar transactions at or about the time inquired about. In the instant case we are of opinion that the state prematurely introduced its proof of the Slator transaction (See Gregory

v. State, 92 Texas Crim. Rep., 574, 244 S. W., 615), but in as much as appellant on the stand as a witness in his own behalf set up the claim of good faith on his part in the transaction here involved, and of the fact that he had no intent to defraud or expectation that his check would not be paid or cared for,—in which event the state should have been allowed in rebuttal to introduce testimony of the Slator transaction,—we are of opinion that the error of the admission of such testimony out of its order and before it became properly admissible, and in view of the fact that appellant was given the lowest penalty, would not be such error as would call for a reversal of this case.

Bill of exception No. 9 as originally presented complained of the charge of the court. The bill as qualified presents no error. Bill of exception No. 10 does not appear to have been signed by the trial judge, and, therefore cannot be considered.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*