JEFF OWENS v. THE STATE.

No. 21558. Delivered April 9, 1941.

The opinion states the case.

*Williamson & Nordyke,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

At a former day of the preceding term of this court we dismissed the appeal in this case (No. 20,952) (139 Texas Crim. Rep, 138), because of a defective record. Since then the record has been perfected and refiled, giving the same style of the case but a different number, namely, No. 21,558; and it appears on the docket of this court as an entirely new case. Hence we will now dispose of this case on its merits.

The State's testimony shows that on the 28th day of July, 1939, the Sheriff of Erath County, accompanied by two of his deputies, went to the appellant's place of business located on the north side of the highway between Dublin and De Leon in said county, armed with a search warrant, to search the appellant's premises. Upon their arrival, they found appellant absent but talked to his eighteen-year-old son, who was in charge of the grocery department and the cold-drinks stand of his place of business. They informed the son that they intended to search the premises and he told them to go ahead. They found six cans of beer in an ice-box in the cold-drinks stand, and 43 cans of regular-size Pabst beer in a large can buried in the ground west of the garage. After the officers had searched the grocery store and the cold-drinks stand, they entered the home or living apartment of the appellant and made a search thereof but found nothing therein. It appears from

the testimony of the officers that they did not read the search warrant to anyone, did not exhibit it; nor did they leave a copy thereof with anyone present at the appellant's place of business or at his residence.

"It was agreed by and between the County Attorney, representing the State, and the appellant that Erath County was a dry area, made so by virtue of an election theretofore held within and for said county to determine whether or not the sale of intoxicating liquor should be prohibited within and for said county; that such election resulted in favor of prohibiting the sale of intoxicating liquors, etc.

Appellant testified in his own behalf that he did not authorize his son to permit any officer or anyone else to search his premises; that he did not own the beer and did not bring it onto the premises; that one of his friends brought the beer over in a milk can and hid it at the place where the officers found it; that he and his friends intended to go fishing and to carry the beer with them on their fishing trip; that at the time the officers arrived at his place of business he was away gathering up some fishing tackle preparatory to going fishing; that the milk can in which the beer was found did not belong to him; that he did not buy the beer, did not bring it on the premises, and did not have it there for the purpose of sale.

Appellant's first contention is that the trial court erred in overruling the motion for a continuance based upon the absence of one, Ed Dunn, who is claimed to have resided in Comanche County. This application is deficient in two respects: First, in that it fails to state any facts which would constitute due diligence to procure the attendance of the witness; and second, that it fails to state that the witness is not absent with the consent of the defendant, as required by Section 4 of Article 543, C. C. P. Hence, there was no error in the court's action in overruling the application.

Bills of Exception Nos. 2, 3 and 4 relate to the admission in evidence as to what the officers found as a result of the search of the appellant's premises. Appellant in due time objected to this testimony on the ground that the officers did not advise his wife or the son that they had a search warrant, nor did they read or exhibit the search warrant to the wife or son; nor did they ask his wife for permission to search the premises, etc. The bills of exception are insufficient in that there is nothing in said bills to support the ground of objection. A mere statement of the ground of objection in a bill of exception is not a cer-

tificate on the part of the trial court that the facts which form the basis of the objection are true; it merely shows the ground of the objection. In support of what we have said we refer to the following authorities: Carter v. State, 116 S. W. (2d) 371; Byrom v. State, 132 Texas Cr. R. 435, and cases there cited.

Conceding for the sake of argument that the search was illegal, we find that the appellant took the witness-stand and admitted that the beer found by the officers was on his premises; that it was placed there by one of his friends with whom he intended to go fishing; and that they planned to carry the beer with them on their fishing trip. Consequently, the presence of the beer on his premises was admitted by the appellant, whether it was placed there by him or by one of his friends as testified to by him became an issue of fact which the jury determined adversely to the appellant.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.