## ALVIE BLANTON V. THE STATE.

No. 22025. Delivered April 8, 1942.
Rehearing Denied (Without Written Opinion) May 27, 1942.

The opinion states the case.

*Gordon R. Wellborn,* of Henderson, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Under an indictment charging appellant with the offense of assault with intent to murder with malice, appellant was convicted of such assault without malice and his punishment assessed at one year's confinement in the State penitentiary.

The injured party, Nig Thurmond, testified to facts showing that appellant, without justification or excuse, shot him with a .38 caliber pistol. The bullet entered just under the left breast and emerged on the left side of the backbone. The shooting arose over and during a crap game which was in progress at the home of the injured party. Other witnesses testified corroborative of the injured party.

The appellant, as a witness in his own behalf, testified that the shooting was entirely accidental and occurred while he and the injured party were "tussleing" over the gun. He denied any intent to kill. He admitted that, on this occasion, he was under the influence of whiskey, and said:

"I do not know how drunk I was but I was pretty high."

It was within the province of the jury to determine the disputed issue of facts, and its finding, being supported by the evidence, will not be disturbed.

Appellant complains of the action of the trial court in overruling his first application for a continuance. Several reasons exist why the action of the trial court was not error, chief of which is the absence from the motion of an allegation that the absent witness named therein was "not absent by the procurement or consent of the defendant." Such an allegation is essentially necessary to constitute a valid application for a

continuance. Art. 543, Sec. 4, C. C. P.; Green v. State, 116 Tex Cr. R. 2, 32 S. W. (2d) 650; Mayes v. State, 118 Tex. Cr. R. 612, 42 S. W. (2d) 65; Clarich v. State, 137 Tex. Cr. R. 282, 129 S. W. (2d) 291; Owens v. State, 141 Tex. Cr. R. 499, 149 S. W. (2d) 964.

The only exception reserved to the court's charge was the failure to submit the law of simple assault. Under the facts, such a charge was not called for, because the injury inflicted was not only serious but was made with a deadly weapon. Short v. State, 119 Texas Crim. Rep., 34, 45 S. W. (2d) 587, Eckerman v. State, 129 Tex. Cr. R. 563, 89 S. W. (2d) 999.

In the instant case, the sole issue was whether the shooting was intentional or accidental. The trial court gave a charge on the law of aggravated assault.

Appellant complains of the failure of the trial court to give his special requested charge embodying the defensive theory of accidental shooting. We have compared the charge as requested with that as given by the trial court upon that subject, and fail to see any material difference between them. The charge as given is deemed sufficient to protect appellant's rights and to properly present his defensive theory.

The other bills of exception have been examined, and no error appearing—especially in the light of the qualifications appended thereto—same are overruled without discussion.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.