## MAXIE BROCKER V. THE STATE.

No. 22058. Delivered April 22, 1942.
Rehearing Denied June 10, 1942.

The opinion states the case.·

*Howard G. Hartzog*, of Port Lavaca, and *J. W. Ragsdale*, of Victoria, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Murder is the offense; the punishment, three years in the State penitentiary.

In the light of the record, an extended statement of the facts is not deemed called for. It is sufficient to say that appellant killed deceased by cutting and stabbing him with a small knife, which, from the State's standpoint, was unprovoked and unjustified. According to the appellant's version, it was a killing in self-defense from the actual attack of the deceased.

The issues of fact arising were pertinently submitted to the jury and in such a manner that no exceptions or objections were reserved to the court's charge.

By bill of exception, complaint is made of the overruling of appellant's second application for a continuance. The trial court's qualification to the bill of exception calls attention to the fact that the application was defective in that two statutory requisites for a valid motion for a continuance are omitted therefrom, viz.: the application fails to state that the witness was not absent by the procurement or consent of the defendant, and that the application was not made for delay. A motion for a continuance, to be valid, must, among other things, so state. Art. 543, C. C. P.; Clarich v. State, 137 Tex. Cr. R. 282, 129 S. W. (2d) 291; Mayes v. State, 118 Tex. Cr. R. 612, 42 S. W. (2d) 65; Woods v. State, 115 Tex. Cr. R. 373, 28 S. W. (2d) 554; Allen v. State, 141 Tex. Cr. R. 94, 146 S. W. (2d) 384; White v. State, 131 Tex. Cr. R. 69, 95 S. W. (2d) 429.

The remaining bills of exception relate to argument of State's counsel. The argument complained of violated no statutory or mandatory rule; nor does it appear therefrom that it was manifestly improper or harmful to the appellant. In the light of such fact, reversible error is not shown. Vineyard v. State, 257 S. W. 548, 96 Tex. Cr. R. 401; Heidle v. State, 86 S. W. (2d) 641, 129 Tex. Cr. R. 201; Newchurch v. State, 121 S. W. (2d) 998, 135 Tex. Cr. R. 619.

It was within the province of the jury to determine the disputed issues of fact. The State's testimony was sufficient to authorize its conclusion of guilt.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant has filed a motion for a rehearing in which he reasserts the same questions which were presented on the original submission of the case. These questions were fully discussed in the original opinion. However, we have again reviewed the record in the light of appellant's motion but remain of the opinion that the case was properly disposed of originally. Therefore, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.