## FRANK DOYLE v. THE STATE.

No. 22251. Delivered November 4, 1942.
Rehearing Denied December 2, 1942.
Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) December 16, 1942.

166

The opinion states the case.

*Burch Downman*, of Houston, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of driving a motor vehicle upon a public highway while intoxicated. The punishment assessed is confinement in the county jail for a period of sixty days.

Appellant claims that the trial court committed two errors. The first relates to the court's action in overruling his application for a continuance or postponement of the case based on the absence of two witnesses whose testimony, it was alleged, was material to his defense. The application is deficient in that it fails to comply with Section 4 of Article 543, C. C. P., in this, that there is not any averment therein that the witnesses are not absent by the procurement of the appellant. See Green v. State, 116 Tex. Cr. R. 2, 32 S. W. (2d) 650; Mayes v. State, 118 Tex. Cr. R. 612, 42 S. W. (2d) 65; Clarich v. State, 137 Tex. Cr. R. 282, 129 S. W. (2d) 291; Owens v. State, 149 S. W. (2d) 964; Blanton v. State, 161 S. W. (2d) 1063.

Appellant's next contention is that the evidence is insufficient to sustain his conviction. A careful review of the record has convinced us that his contention in this respect is without merit. The testimony adduced by the State shows that on the morning of January 18, 1942, appellant, while driving an automobile on Washington Avenue in the City of Houston, drove about eight or ten feet over on the left side of the middle of the

street and collided with another car coming from the opposite direction. Both automobiles were damaged to the extent that they could not be driven away on their own power. The officers who visited the scene of the collision soon after it occurred and who took appellant to jail, testified that he was drunk.

Appellant, who testified in his own behalf, denied that he was intoxicated and claimed that the steering apparatus of his car jammed or locked and he could not steer his car to the right side of the street.

It will be noted that the evidence raised an issue of fact which the jury decided adversely to him, and this court would not, under the facts stated, be authorized to set aside their verdict.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant has filed a very insistent motion for rehearing in this cause in which he presents a logical argument in favor of its sufficiency. Upon a careful consideration of the circumstances surrounding the presenting of the motion for continuance as reflected by the terms of his bill, it is our conclusion that sufficient diligence to obtain the presence of the witnesses was not shown. The case was called at the opening of the morning session, at which time appellant and his attorney were both absent. The attorney had notified a member of the district attorney's staff that he would be in the trial of a civil case in another court. He was there notified of the call of the Doyle case and promised to send his client to the court to report. For some reason this was not done and the case was again called at 11:15, at which time the attorney was in his office. He came to the court room in a few minutes and found the judge engaged in the trial of another case but remained there until it was concluded at 4:00 o'clock in the afternoon. The Doyle

case was called and the attorney stated that he learned for the first time on calling the witnesses for which the continuance was asked that they were not present. He then presented his motion for continuance or resetting to a later day in the term. This was the first indication which the court had that he was not ready for trial, even though the State witnesses had been present all day, included among whom were two officers who were serving on night duty. The trial court took the view as expressed in the record that the motion for continuance was not timely presented. The record indicates that this is a reasonable interpretation of the situation. If there were mitigating circumstances, it was incumbent upon appellant to present them. Appellant also had the burden of placing in the record facts to show that he exerted due diligence to obtain the attendance of his witnesses. The record shows that all the witnesses lived in the City of Houston, two of them having the same address. Appellant had ample opportunity at 11:30 to discover their absence and ask the court for such process as the occasion might demand to secure their presence. The fact he did not discover their absence indicates clearly a lack of diligence on his part. He did not ask for an attachment when their absence was discovered and it was not shown that they could not have been brought into court by this means.. If there should be doubt as to the ruling of the trial court that the motion was not timely presented, there could be no doubt of the lack of due diligence.

Having so concluded, it becomes unnecessary to discuss the controverted question presented in the motion for rehearing which is, for the reason stated, overruled.