Jesus **ANZALDUA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 47378.

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

**20**

Abel Toscano, Jr., Harlingen, for appellant.

Fred Galindo, Dist. Atty., Menton Murray, Jr., Asst. Dist. Atty.; Brownsville, Jim D. Vollers, Stat's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

REYNOLDS, Commissioner.

The conviction for assault with intent to murder with malice for which punishment was assessed at twelve years' confinement following a jury trial is affirmed.

A consideration of the points of error requires a statement of the facts. Appellant Jesus Anzaldua and the prosecutrix, Yolanda Anzaldua, were husband and wife. They had been married approximately five years and lived in Brownsville. While attending a dance, they began a discussion concerning appellant's contention that the prosecutrix had spoiled their young son. Since they were attracting the attention of other people, prosecutrix suggested they return home to continue the discussion. Although prosecutrix was of the opinion that appellant would kill her when they arrived home because he had said so many times before and once had pointed a gun at her, she did not seek assistance. Arriving home, the prosecutrix sat in a chair next to the front door; the appellant proceeded into the adjoining bedroom where he secured and loaded a .410 gauge shotgun with three shells and placed it on or near the bed. Present also were prosecutrix's brother, Manuel Villanueva, an uncle of prosecutrix, Felipe Mendoza, a sister of prosecutrix, Eva Villanueva, and her two children, all of whom lived in the same house with appellant and prosecutrix, as well as their two young children.

Prosecutrix arose to go into the bedroom for cigarettes. Appellant was standing in the doorway. Prosecutrix took two steps; appellant turned, picked up the shotgun and, while holding it next to his hip, fired.

The pellets struck the prosecutrix in her lower abdomen, the entrance wound being an inch and a half to two inches in diameter and indicating she was shot from close range. The discharged pellets penetrated all layers of the abdominal wall, entered and passed through the abdominal cavity where some pellets were found, and lodged under the skin of the right buttock. The pellets nearly destroyed the beginning of the colon or large intestine and a segment of the small intestine. Prosecutrix has undergone two operations. During the first operation, the entire right colon and several feet of the small intestine were removed. A second operation by entry through the right buttock was required to remove a disc of bone, considerable shot and piece or two of clothing from prosecutrix's body. The prosecutrix suffers from diarrhea and an occasional difficulty in walking, but the attending physician foresees no permanent difficulty except for some psychic damage.

Manuel Villanueva took the shotgun from appellant as he was trying to "load the shotgun again." Manuel Villanueva then left appellant with Felipe Mendoza, picked up prosecutrix from where she had fallen, went outside and, with the assistance of a passing motorist, took prosecutrix to a hospital. Manuel Villanueva had been present some two weeks earlier when appellant pointed the shotgun at the prosecutrix during an argument and, at that time, Manuel Villanueva took the shotgun from appellant.

A police officer, responding to a radio report of the shooting, arrived, arrested appellant and took him and the shotgun to the police station. It was shown that the shotgun contained a spent casing in the chamber and two live shells in the magazine, and, once fired, the spent casing had to be manually ejected before the shotgun would fire again.

Detective Marks of the Brownsville Police Department escorted appellant to an office. There Sergeant Marks asked appellant if, and received from appellant an affirmative answer that, he knew his constitutional rights. From a printed form, Marks then read to appellant his constitutional rights in both the English and Spanish languages. Acknowledging that he understood and waived his rights, appellant made a statement in Spanish. Marks translated the statement and reduced it to writing in English. Marks identified himself as a Mexican-American who was fluent in both the Spanish and English languages. Appellant signed the statement.

The statement was received in evidence over the only objection that it was not in the same language in which it was given and there was no certification that the statement was a true and correct translation. The statement was brief. In essence it was that appellant, who "got very upset" when prosecutrix wanted to go home early from the dance, and "was still very mad at Yolanda" when he got home, loaded the shotgun with three shells and, when the prosecutrix started walking toward him, he "fired the shotgun."

The appellant testified, using the English language. He maintained it was his intent only to scare the prosecutrix, as he had intended to scare her on the former occasion when he pointed the shotgun at her. He was surprised when "the gun went off" and it was not his intention to shoot her.

The trial court charged the jury on the elements of assault with intent to murder, both with and without malice, and on aggravated assault, the issue of intent and the defense of accident.

■ Initially, appellant presents as reversible error the failure of the court to respond to his objection to the charge for failure to include the lesser offense of simple assault. The thrust of his argument is that his testimony that he intended only to scare, and not kill, the prosecutrix, and that the shotgun was fired accidentally, justified and entitled him to a charge on simple assault. We do not agree.

A charge on simple assault is required only when the instrument used is not a deadly weapon per se. Where a deadly weapon is the means used to inflict a serious injury, a charge on simple assault is not appropriate, even though the defendant testifies the injury was accidentally inflicted without any intent to injure. Blanton v. State, 144 Tex.Cr.R. 198, 161 S.W.2d 1063 (Tex.Cr.App.1942); cf. Schulz v. State, 446 S.W.2d 872 (Tex.Cr.App.1969). In the case at bar, the shotgun fired by appellant was a deadly weapon per se and the injury suffered by the prosecutrix was of a serious nature, and a charge on simple assault was not justified. The first ground is overruled.

Secondly, appellant contends prejudicial hearsay was permitted before the jury. The prosecutrix testified over objection that her sister, Eva Villanueva, later told prosecutrix she had seen appellant loading the shotgun prior to the shooting. Although hearsay, we perceive no prejudicial error. Both the prosecutrix and Eva Villanueva personally testified to, and were cross-examined in detail concerning, what each had observed, which was the same act appellant testified he performed.

The other incident concerned the testimony of the legal aid attorney who filed prosecutrix's divorce suit against appellant. Appellant introduced the divorce petition, which contained no pleading or prayer for a restraining order against appellant, ostensibly to demonstrate prosecutrix's appraisal of appellant's non-violent nature. In rebuttal, the state produced the attorney as a witness. He testified that the divorce petition was prepared by, and from facts given by prosecutrix to, his office staff and, "When I was given the facts in this case, I instructed that a restraining order and an injunction be drawn up." The objection stated was that it "would be hearsay as to what he instructed what and what-not . . . ." Assuming arguendo that under the most stringent

definition of hearsay the statement would be classified as such, the vice of hearsay is not present. The party making the statement out of court repeated the statement in open court under the sanctity of oath and was subject to cross-examination. Furthermore, the jury had the opportunity to observe the demeanor of the witness while he was testifying. See 1 McCormick & Ray, Texas Evidence, Sec. 782 (2d Ed. 1956). The second ground is overruled.

In his third ground of error, appellant complains of the admission in evidence of his statement. Although appellant's only objection to the statement when it was offered was that it did not contain a certification of correct translation, he now also argues that the statement failed to contain all of appellant's comments, the officer to whom it was made did not have authority to appoint an attorney for appellant had he requested one, and that there was no independent finding of voluntariness by the court. The complaints concerning correct translation and incompleteness go only to the weight, but not to the admissibility, of the statement. The requirement relative to an attorney, retained or appointed, is that appellant has the right to be represented by counsel and, if he cannot afford one, the attorney will be appointed; there is no requirement that the interrogator be authorized to make the appointment. The appellant, after being fully advised of all his rights, chose to waive his right to counsel prior to giving the statement, although he was represented by retained counsel at the trial and on this appeal. Moreover, appellant admitted giving the statement without making any claim that it was involuntary. Finally, no objection was made to, or request made for an independent determination of, the voluntariness of the statement and, in absence thereof, no error is shown in admitting the statement in evidence. See Harris v. State, 465 S.W.2d 175 (Tex.Cr.App.1971), and cases cited therein. The third ground is overruled.

Appellant contends in his fourth ground that the court should have charged the jury whether the statement was a true, correct and full statement and was voluntarily made and lawfully obtained. No objection was made to, and no request was made for inclusion of such instruction in, the charge. Absent a request for submission of the issues, no error is shown. Harris v. State, supra. The fourth ground is overruled.

Appellant's fifth ground complains that the court failed to timely inform him that the jury verdict of guilt was defective and uncertain is without merit. For the jury's convenience in returning its verdict at the guilt stage of the trial, there was attached to the charge another page entitled "Forms of Verdict" on which were listed four forms of verdict, one for each of the four possible verdicts. The foreman of the jury announced in open court that the jury had reached its verdict; the charge and attached "Forms of Verdict" page were delivered to the court. The jury foreman's signature was affixed to the form to be used for a finding of guilty of assault with intent to murder with malice aforethought. The form signifying a finding of guilty of aggravated assault had also been signed with the foreman's signature, but four lines had been drawn through the signature. The court then read aloud, "We, the jury, find the Defendant, Jesus Anzaldua, guilty of assault with intent to murder with malice aforethought." Upon separate inquiries made by the court, first the foreman and then the entire jury affirmed that to be the verdict of the jury. The court then received that verdict. Later, appellant learned about the signatures being affixed to the two forms of verdict, and now argues that had he been apprised of it at the time, he might have found a juror whose verdict was not the one announced by the court.

Under these circumstances, there was only one verdict returned and affirmed in open court by the jury, and it was neither defective nor uncertain. Wheeler v. State, 378 S.W.2d 677 (Tex.Cr.App.1964). Moreover, the error alleged here was one of the grounds contained in appellant's motion for new trial, and it is significant that the new trial motion was neither supported by an affidavit, nor testimony at the hearing thereon, of any juror. The ground is overruled.

In the sixth ground, appellant contends that the court erroneously charged the jury at the punishment stage of the trial. As prepared and distributed to counsel prior to presentation to the jury, the charge erroneously recited that the jury had found appellant guilty of the offense of assault with intent to murder *without* malice aforethought. Prior to reading the charge to the jury, the court detected and corrected the typographical error. Appellant candidly concedes that the court correctly charged the jury as to assault with intent to murder with malice aforethought. Nevertheless, appellant complains that the charge did not present the law on aggravated assault, and argues, sans any cited authority, that the furnishing to him of a charge different from that presented to the jury without making him aware the typographical error was corrected, is highly prejudicial and detrimental. The ground clearly is without merit.

Appellant was furnished a copy of the charge, albeit an incorrect one because of the typographical error, for examination and any objection as provided by Vernon's Ann.C.C.P., Art. 36.14. No objection was made. No special requested instruction as authorized by V.A.C.C.P., Art. 36.15, was presented. Absent an objection to a concededly correct charge on punishment on the guilty verdict determined to be regular and certain, no error is shown. The ground is overruled.

The seventh and final ground is appellant's challenge to the sufficiency of the evidence to sustain the conviction. The argument is that there is no evidence of malice aforethought. The undisputed

proof that appellant voluntarily aimed the shotgun at prosecutrix and fired it is sufficient to show malice. Redd v. State, 452 S.W.2d 919 (Tex.Cr.App.1969). It was the province of the jury to resolve the disputed issues and its finding, being supported by the evidence, will not be disturbed. Blanton v. State, supra. The last ground is overruled.

The judgment of conviction is affirmed.