**Affirmed and Memorandum Opinion filed June 27, 2019.**



In The

# Fourteenth Court of Appeals

NO. 14-18-00176-CR
NO. 14-18-00177-CR

**EMILIO ANGEL CERVANTES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause Nos. 1424889 & 1534476**

## MEMORANDUM OPINION

In this appeal from two convictions for super aggravated sexual assault of a child, appellant complains that (1) the evidence is insufficient to support one of the convictions, (2) the trial court abused its discretion by admitting two exhibits that were inadequately redacted, and (3) the trial court abused its discretion by admitting hearsay testimony from two witnesses who were not outcry witnesses. We overrule all of these complaints and affirm the trial court's judgments.

# BACKGROUND

***The Indictments.*** Appellant was charged in two separate indictments with sexually assaulting the complainant, a five-year-old girl. The first indictment alleged that appellant caused his penis to contact the complainant's mouth, and the second indictment alleged that he digitally penetrated her vagina. Appellant pleaded not guilty to both charges, and his case proceeded to a trial by jury, where two versions of events were presented.

***The State's Version.*** The complainant's mother testified that she lived in a crowded home with her family and several extended relatives, including appellant, who was her husband's brother. On the night of the offense, the mother said that she went downstairs to the kitchen after leaving the complainant upstairs in a room next to appellant. When she returned, the mother said that the complainant was trembling, but the complainant would not say why. The next morning, the complainant told her mother that she needed to wash her hands because appellant had touched her vagina and had forced her to kiss his penis.

The mother testified that she confronted appellant and that his face turned very red. He knelt down on the ground and repeated "Forgive me, forgive me, forgive me." The mother then hit appellant, left the home with the complainant, and reported the abuse to 911.

Police tried to contact appellant on the day of the mother's report, but appellant fled the city and deactivated his cellphone. He was apprehended two years later by the border patrol.

The complainant was ten years old when she testified. She said that appellant put his penis in her mouth and that he touched the inside of her vagina. She also said that appellant had touched her inappropriately on prior occasions.

2

***The Defense's Version.*** The complainant's stepfather (appellant's brother) testified that he was at home when his wife confronted appellant. The stepfather said that he asked appellant for an explanation, and appellant responded that the complainant had merely walked in on him masturbating.

The stepfather also provided an alibi defense. He said that he and appellant were working a job together on the night of the alleged offense, and that they did not return home until very early the next day. On cross-examination, however, the stepfather admitted that he had not mentioned this alibi to authorities at any time before the trial, even though the stepfather knew about an ongoing investigation.

Appellant testified in his own defense. He said that he was masturbating in his room because he thought that he was alone in the house. He said that the complainant walked in on him, and that he pushed her out of the room. He denied ever touching the complainant inappropriately or putting his penis in her mouth. He also explained that he left town because he was facing false accusations.

***The Judgment.*** The jury rejected appellant's defense and convicted him as charged. The trial court assessed his punishment at two concurrent terms of seventy years' imprisonment.

## SUFFICIENCY OF THE EVIDENCE

Though convicted of two offenses, appellant challenges the evidence in support of just his first conviction, which involved the oral sexual contact.

To obtain that conviction, the State was required to prove the following essential elements: (1) that appellant intentionally or knowingly caused the complainant's mouth to contact his penis, and (2) that the complainant was younger than six years of age at the time of the offense. *See* Tex. Penal Code § 22.021(a)(1)(B)(v), (a)(2)(B), (f)(1). We examine all of the evidence in the light

most favorable to the verdict when deciding whether these essential elements were proven beyond a reasonable doubt. *See Robinson v. State*, 466 S.W.3d 166, 172 (Tex. Crim. App. 2015).

There is legally sufficient evidence to support the first element of the offense, based on the following line of testimony from the complainant:

Q.  Okay. What's a pene?

A.  The thing that men use to go to the restroom.

Q.  And do they use it to go pee or poop?

A.  Pee-pee.

Q.  And you said you do remember talking to your mom about [appellant] touching you with his pene?

A.  Yes.

Q.  And where did [appellant] touch you with his pene?

A.  In the mouth.

And there is legally sufficient evidence to support the second essential element, based on the testimony from multiple witnesses that the complainant made her outcry roughly two months before her sixth birthday.

Appellant responds that the evidence is insufficient because the complainant testified that she remembered more about when appellant touched her "with his hands" as opposed to "with his pene." This point relates to the weight and credibility of the complainant's testimony, which we do not reevaluate in a sufficiency analysis. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018).

Appellant also argues that the evidence is insufficient because the mother's testimony failed to establish when appellant's penis contacted the complainant's mouth. This argument misrepresents the mother's testimony, and it fails in any event

because the date of commission is not an essential element of the offense. *See Owens v. State*, 96 S.W.3d 668, 672 (Tex. Crim. App. 2003).

Appellant argues next that the evidence is insufficient because a forensic clinician who interviewed the complainant did not establish that appellant's penis actually contacted the complainant's mouth. This point fails because the complainant established that element through her own testimony, which is sufficient by itself to support the conviction. *See* Tex. Code Crim. Proc. art. 38.07.

And in one final point, appellant argues that the evidence is insufficient because the complainant told a prosecutor before the trial began that appellant did *not* put his penis in her mouth. This testimony merely highlights a conflict in the evidence, which we presume the jury resolved in favor of the verdict. *See Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014).

Viewing the record in the light most favorable to the verdict, we conclude that the evidence is legally sufficient to support every essential element of the offense beyond a reasonable doubt.

## INADEQUATE REDACTIONS

The prosecutor offered into evidence a report from a sexual assault nurse examiner. During a bench conference, the prosecutor stated that he had redacted certain portions of the report because they indicated that appellant had sexually assaulted a victim other than the complainant. The trial court admitted the report with the prosecutor's redactions.

The prosecutor later offered a second report into evidence, this time from a forensic clinician. The trial court remarked *sua sponte* that the report contained redactions, but there was no inquiry or discussion regarding the substance of those redactions. The trial court admitted the redacted report.

Appellant now complains that the redactions in both reports were inadequate because the underlying text was still legible through the blackouts. He claims that the nurse's report shows statements from the complainant's mother about how he had sexually assaulted another child. And he claims that the clinician's report "appears" to state that "he touched another girl."

Appellant did not object to the inadequate redactions at the time the reports were offered into evidence. Absent a specific objection, we conclude that no error was preserved. *See* Tex. R. App. P. 33.1; *Matchett v. State*, 941 S.W.2d 922, 931 (Tex. Crim. App. 1996).

Even if error had been preserved, we could not conclude on this record that appellant suffered any harm. No witness was ever called to read the redacted portions of the reports. Though the reports were published to the jury during the trial (presumably on an overhead projection), no one ever made any comment that the underlying text was still legible through the blackouts. And though the jury returned a note during deliberations requesting to see certain documents and to have certain testimony repeated, the record does not reflect that the jury ever requested to see the challenged reports. *See* Tex. Code Crim. Proc. art. 36.25 (providing that written exhibits must be furnished to the jury "upon its request").

## HEARSAY TESTIMONY

The prosecutor gave pretrial notice that he intended to offer the hearsay statements of the complainant through three outcry witnesses: (1) the complainant's mother, (2) a forensic interviewer, and (3) the forensic clinician. But on the morning of trial, the prosecutor advised the trial court that the mother would be his only outcry witness, and she was the only witness who appeared at the pretrial hearing on outcry witnesses. *See* Tex. Code Crim. Proc. art. 38.072(b)(2); *Sanchez v. State*, 354 S.W.3d 476, 484–85 (Tex. Crim. App. 2011).

6

During the trial itself, however, the prosecutor called the forensic interviewer and the forensic clinician as witnesses, and the prosecutor elicited testimony from those witnesses regarding the complainant's hearsay statements. Appellant objected on the basis of hearsay, but the trial court overruled him. According to both witnesses, the complainant said that appellant had touched her inappropriately and that he had tried to put his penis in her mouth.

Appellant now complains of the trial court's rulings on his hearsay objections. For purposes of argument, we can assume without deciding that the trial court erred by overruling appellant's objections and by admitting the challenged testimony. The question then becomes whether appellant suffered harm under the standard for nonconstitutional error. *See Chapman v. State*, 150 S.W.3d 809, 814 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd).

Nonconstitutional error must be disregarded unless it affects a defendant's substantial rights. *See* Tex. R. App. P. 44.2(b). An error affects a defendant's substantial rights when the error has a substantial and injurious effect or influence on the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no influence or only a slight effect on the verdict, the error is harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The erroneous admission of evidence is generally not reversible if the same or similar evidence is admitted without objection at another point in the trial. *See Linney v. State*, 401 S.W.3d 764, 780 (Tex. App.—Houston [14th Dist.] 2013), *pet. ref'd*, 413 S.W.3d 766 (Tex. Crim. App. 2013). And here, the testimony from the forensic interviewer and the forensic clinician was largely cumulative of the testimony from the complainant's mother and the complainant herself. All of these witnesses established that appellant touched the complainant's vagina and that he tried to put or actually put his penis in her mouth. Because the mother's testimony

7

and the complainant's testimony were properly admitted, any improper admission of testimony from the forensic interviewer and forensic clinician was not harmful. *See Nino v. State*, 223 S.W.3d 749, 754 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (the improper admission of testimony from a forensic interviewer was harmless because the same or similar testimony was properly admitted by the child complainant's mother).

Appellant points out that the forensic clinician provided more descriptive testimony of the sexual assault than the other witnesses. For example, according to the forensic clinician, the complainant said that appellant "was pushing [her] head so hard so [she] can suck his [penis]"; that his penis was "red and big" and "smelled like fart and poop"; and that when appellant touched her vagina, "he started slowly, and then he did it harder." This level of detail may have been absent from the complainant's live testimony, but the complainant still testified about the same instances of sexual abuse, and the jury was able to determine for itself whether her accusations were credible. Had the jury disbelieved the complainant, there is no reasonable likelihood that the jury would have convicted appellant because the forensic clinician repeated the complainant's statements with these other sorts of details. *See Anzaldua v. State*, 502 S.W.2d 19, 22 (Tex. Crim. App. 1973) (holding that "the vice of hearsay is not present" when "the party making the statement out of court repeated the statement in open court under the sanctity of oath and was subject to cross-examination" and "the jury had the opportunity to observe the demeanor of the witness while [she] was testifying").

We conclude that the challenged testimony had no influence on the jury's verdict, or at most a slight effect, and thus, any improper admission of that testimony was harmless.

## CONCLUSION

The trial court's judgments are affirmed.

/s/    Tracy Christopher
       Justice

Panel consists of Justices Christopher, Hassan, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b).